Ray T. JOHNSON, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 10, 1979.

Decided Nov. 19, 1979.

Richard E. Fairbanks, Jr. and Richard W. Baseman, Asst. Public Defenders, Wilmington, for defendant–appellant.

Timothy H. Barron, Deputy Atty. Gen., Wilmington, for plaintiff–appellee.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

PER CURIAM:

It appears to the Court from the briefs and arguments of the parties and the record of this appeal that:

(1) The defendant was indicted in three separate counts on charges of burglary in the third degree (11 *Del.C.* § 824), attempted theft (11 *Del.C.* § 531), and conspiracy in the second degree (11 *Del.C.* § 512).[1]

---

1. 11 *Del.C.* § 512 provides:

"§ 512. *Conspiracy in the second degree;* class E felony.

"A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, he:

"(1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or

"(2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony; and he or another person with whom he conspired commits an overt act in pursuance of the conspiracy.

"Conspiracy in the second degree is a class E felony."

(2) The third count of the indictment, charging the defendant with conspiracy in the second degree, alleged that the requisite overt act consisted of the crime of burglary in the third degree as charged in the first count of the indictment.

(3) In a trial by jury, the defendant was acquitted of the charges of burglary in the third degree and attempted theft, but was convicted on the charge of conspiracy in the second degree.

(4) In denying the defendant's motion for judgment of acquittal, the Trial Judge held that the conviction was proper because the jury may have believed that the overt act was committed by the defendant's unnamed co-conspirators.

(5) The defendant contends that because the charge of burglary in the third degree constituted both a separate count of the indictment and the overt act alleged in the charge of conspiracy in the second degree, his conviction for conspiracy must be reversed since he was acquitted of the burglary charge.

(6) The State contends that the verdict is consistent with the language of the conspiracy statute, 11 *Del.C.* § 512, and 11 *Del.C.* § 271,[2] which defines the criminal liability of accomplices, despite the lack of consideration of the latter issue in the court below.

 (7) The conviction of the defendant for conspiracy in the second degree was reversible error because:

(a) By failing to prove beyond a reasonable doubt that the defendant committed burglary in the third degree as alleged in the first count of the indictment, the State also failed to prove that he committed the overt act necessary to the conspiracy charge as alleged in the third count of the indictment. See 11 *Del.C.* § 301(b).[3]

(b) The finding by the Trial Judge that the jury may have believed that the overt act was committed by the defendant's unnamed co-conspirators is irrelevant to the defendant's guilt under this indictment, since there is no allegation that the overt act was performed by any co-defendant. See *State v. Minnick,* Del.Super., 168 A.2d 93 (1960); *Wharton's Criminal Procedure* § 506 (12th ed. 1975).

(c) The defendant cannot be convicted as an accomplice, as suggested by the State, since that issue was not raised or tried below. Supreme Court Rule 8. Cf. *Johnson v. State,* Del.Supr., 215 A.2d 247 (1965).

\*　　\*　　\*　　\*　　\*　　\*

Reversed.

---

2.　11 *Del.C.* § 271 provides:

"§ 271. Liability for the conduct of another—Generally.

"A person is guilty of an offense committed by another person when:

"(1) Acting with the state of mind that is sufficient for commission of the offense, he causes an innocent or irresponsible person to engage in conduct constituting the offense; or

"(2) Intending to promote or facilitate the commission of the offense he:

　"a.　Solicits, requests, commands, importunes, or otherwise attempts to cause the other person to commit it; or

　"b.　Aids, counsels, or agrees or attempts to aid the other person in planning or committing it; or

"c.　Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so; or

"(3) His conduct is expressly declared by this Criminal Code or another statute to establish his complicity.

"Nothing in this section shall apply to any law-enforcement officer or his agent while acting in the lawful performance of his duty."

3.　11 *Del.C.* § 301(b) provides:

"§ 301. State's prima facie case; proof beyond reasonable doubt.

"(b) No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."