Ray Lynn **LEWIS**, Defendant
Below, Appellant,

v.

**STATE** of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Feb. 11, 1980.
Decided June 4, 1980.

---

David M. Lukoff (argued), Asst. Public Defender, Wilmington, for defendant below, appellant.

Timothy H. Barron (argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

PER CURIAM:

On December 16, 1978, the defendant broke into a private residence in Wilmington. The occupants were awakened by noises and called the police, who arrived on the scene shortly thereafter. Two officers, Stevens and Tabor, entered the home and found the defendant removing articles from a closet. When the defendant was ordered to raise his hands, he backed out of the closet and lashed out at the officers with a knife. Officer Stevens disarmed the defendant and arrested him. During this time, the telephone had been left off the hook and the entire incident was recorded on tape by the police.

The defendant was subsequently convicted of Possession of a Deadly Weapon During the Commission of a Felony, Burglary First Degree, Attempted Theft, and Attempted Murder First Degree. He urges reversal of his convictions on five grounds. First, he asserts the arresting officer was improperly allowed to testify regarding whether he would have been injured had he not resisted the attack by the defendant, alleging such matters require expert testimony and embrace an ultimate issue to be decided by the jury. Second, the defendant contends the Trial Court failed to instruct the jury on the elements of the offenses of Burglary, Attempted Theft and Possession of a Deadly Weapon During the Commission of a Felony. Third, the defendant alleges the Court's instruction on the defense of voluntary intoxication was erroneous. Fourth, the defendant argues he had a right to preview the Court's jury instructions. Fifth, the defendant asserts the admission of the tape recording as evidence was error. We find no merit to any of the defendant's assertions.

■ The probable physical injury resulting from an assault with a knife is not a matter beyond the comprehension of non-experts, and the testimony on this issue was not improper even though it touched on an issue to be decided by the jury. Opinion testimony of a non-expert nature was permissible on this issue. Cf. *Del. Rules of Evid.* 701, 702, and 704 (providing for opinion and expert testimony). In addition, the jury was instructed to evaluate the trial testimony for itself without reliance on the opinions of others.

 The Court's jury instructions, considered as a whole, were proper and adequate for all offenses charged. The instructions on the defense of voluntary intoxication and the State's burden of proof beyond a reasonable doubt were proper as well. Further, as the defendant did not submit any proposed jury instructions pursuant to Superior Court Criminal Rule 30 and did not request a preview of the jury instructions, the Trial Court did not commit any error by failing to submit the instructions to the defendant.

Finally, the tape recording of the incident, despite distortions present during playback, was highly probative. The defendant does not dispute its accuracy, only its clarity. Allowing use of the tape as evidence was not an abuse of discretion.

AFFIRMED.