James HOLLAND, Defendant–
Below, Appellant,

v.

STATE of Delaware, Plaintiff–
Below, Appellee.

No. 550, 1998.

Supreme Court of Delaware.

Submitted: Nov. 30, 1999.

Decided: Jan. 26, 2000.

---

15. *Id.* at 359.

16. *Id.*

Raymond J. Otlowski, Assistant Public Defender, Wilmington, for Appellant.

Timothy J. Donovan, Jr., Deputy Attorney General, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

VEASEY, Chief Justice:

In this appeal we reverse a judgment entered on a conviction of conspiracy to commit second degree assault. The prob-lem here is that the jury disagreed on the second degree assault charge, the underlying overt act. A mistrial on that charge was declared because of the hung jury. Since the indictment did not charge that a person other than the defendant committed the overt act, and there was no conviction of the defendant on that charge, the conviction on the conspiracy charge cannot stand. This case is legally indistinguishable from our prior jurisprudence holding that there cannot be a conspiracy conviction where there has been an acquittal of the same defendant on the overt act.

### Facts

It appears to the Court from the briefs and parties' arguments on appeal that the facts of this case are as follows. On the evening of November 28, 1997, three men attacked Arvel Nesmith as he was talking to his girlfriend on the sidewalk of East Eleventh Street in Wilmington. The three men walked past Nesmith and stopped to engage in a whispered conversation. One of the men approached Nesmith and pulled a gun out of his waistband. Nesmith's girlfriend managed to run away, but one of the other men grabbed Nesmith from behind causing him to fall to the ground. Nesmith recognized the man who grabbed him as a childhood acquaintance, who was eventually identified as James Holland. The three men then proceeded to beat Nesmith over the head and body before fleeing.

The State indicted Holland on one count of second degree assault, one count of possession of a firearm, and one count of second degree conspiracy.[1] After hearing the evidence, the jury was unable to reach a verdict on any of the three counts. Over the objection of Holland's counsel, the trial court gave the jury an *Allen* charge,[2] a

---

1. Count III of the Indictment states in pertinent part that Holland "when intending to promote the commission of a Felony, did agree with 2 unknown conspirators to engage in conduct constituting a felony of Assault Second Degree and *did commit an overt act in* *furtherance of said conspiracy, by committing* *Assault Second Degree as set forth in Count I* *of this indictment...."* (Holland Indictment 3/30/98, at 2) (emphasis added).

2. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

supplemental instruction encouraging the jury to reach a verdict. The jury remained hung on the first two charges, but reached a guilty verdict on the count of second degree conspiracy. Holland now appeals to this Court, claiming that his conviction for second degree conspiracy is invalid absent a conviction for the underlying overt act.

## Analysis

 A jury's guilty verdict on a conspiracy charge and an acquittal on the underlying felony are not always legally inconsistent verdicts under Delaware law.[3] Under Delaware law, it is not necessary for a defendant to commit the overt act underlying the conspiracy charge.[4] It is sufficient that a co-conspirator commit the overt act.[5] When the only overt act alleged is the underlying substantive crime, a defendant's acquittal on this charge negates the overt act element of a conspiracy charge unless a co-conspirator committed the overt act.

In *Johnson v. State*, this Court reversed a conspiracy conviction where a defendant had been acquitted of the "overt act," third degree burglary.[6] We reasoned that the defendant could not be convicted of conspiracy because there was no allegation that the overt act was committed by a co-defendant or co-conspirator .[7]

In *Robertson, Alston,* and *Stewart,* this Court faced the same issue, but addressed a slightly different factual scenario.[8] Unlike *Johnson,* the overt act was alleged to have been committed by a conspirator other than the defendant.[9] Despite defendant's acquittal on the underlying charge or overt act, we upheld conspiracy charges in all three cases. These cases stand for the proposition that a conspiracy conviction is not legally inconsistent with an acquittal because a "conviction is sustainable" whether a defendant "or another person with whom he conspired commits an overt act in furtherance of the conspiracy."[10]

## This Case

 In this case, the jury found Holland guilty of conspiracy in the second degree, but there was a hung jury on the count of second degree assault, the underlying overt act. Thus, this case does not involve inconsistent verdicts, but a verdict and a non-verdict. This distinction, however, is of no consequence because the State failed to prove beyond a reasonable doubt that Holland committed second degree assault in Count I of the Indictment. As a result, the State concomitantly failed to prove that Holland committed the overt act necessary to sustain the conspiracy charged in Count III of the Indictment.[11] Paralleling

---

3. See *Robertson v. State*, Del.Supr., 630 A.2d 1084, 1095 (1993); *Alston v. State*, Del.Supr., 554 A.2d 304, 312 (1989).

4. 11 *Del. C.* § 512 provides:
 A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, the person:
 (1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or
 (2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony; and *the person or another person with whom the person conspired commits an overt act in pursuance of the conspiracy.* (emphasis added).

5. See *Stewart v. State*, Del.Supr., 437 A.2d 153, 156 (1981); *Alston,* 554 A.2d at 312.

6. Del.Supr., 409 A.2d 1043, 1044 (1979).

7. *See id.*

8. See *Robertson,* 630 A.2d at 1095; *Alston,* 554 A.2d at 311–12; *Stewart,* 437 A.2d at 156–57.

9. *See Johnson,* 409 A.2d at 1044.

10. *Stewart,* 437 A.2d at 156–157; *see also Robertson,* 630 A.2d at 1095; *Alston,* 554 A.2d at 311–12;

11. *See* 11 *Del. C.* § 301(b). 11 *Del. C.* § 301(b) provides in pertinent part: "No person may be convicted of an offense unless

the factual scenario presented in *Johnson,* the indictment in this case did not allege that a conspirator, other than Holland, committed the overt act of assault in the second degree.[12] Therefore, we conclude that Holland's conviction of conspiracy in the second degree was reversible error.

### Conclusion

On the basis of the foregoing, we conclude that the conspiracy conviction and the hung jury on the underlying substantive crime are legally inconsistent and therefore we reverse the judgment of the Superior Court.

each element of the offense is proved beyond a reasonable doubt.''

12. *See Johnson,* 409 A.2d at 1044.