IN THE SUPREME COURT OF THE STATE OF DELAWARE

ERICK MORTON, §
 § No. 334, 2014
 Defendant-Below, §
 Appellant, § Court Below: Superior Court
 § of the State of Delaware in and
 v. § for Kent County
 §
STATE OF DELAWARE, §
 § C.R. I.D. No. 1310005395
 Plaintiff-Below, §
 Appellee. §

Submitted: December 3, 2014
Decided: December 19, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 19th day of December 2014, upon consideration of the parties' briefs
and the record in this case, it appears to the Court that:

(1)    Appellant Erick Morton ("Morton") raises one argument on appeal.
The jury acquitted Morton of possession of a firearm by a person prohibited,
possession of firearm ammunition by a person prohibited, and carrying a concealed
deadly weapon. However, the jury convicted Morton of conspiracy in the second
degree. Morton argues on appeal that he cannot be convicted of conspiracy in the
second degree as a matter of law because he was acquitted of the overt act that
constituted an element of the conspiracy charge. We disagree and affirm.

(2)     On October 8, 2013, Corporal Thomas Hannon ("Corporal Hannon") was on patrol in an unmarked police vehicle in the area of Webbs Lane and South Governors Avenue in Dover. Corporal Hannon's vehicle was behind Javan F. Cale's ("Cale") SUV on Webbs Lane when Corporal Hannon noticed that Cale's right brake light was out. Corporal Hannon initiated a traffic stop of Cale's vehicle. Because the SUV had tinted windows that prevented Corporal Hannon from determining how many occupants were inside the vehicle, he instructed the occupants to lower all the windows. Corporal Hannon immediately smelled marijuana. Cale admitted that he had smoked marijuana earlier that day.

(3)     The occupants of the SUV were asked to step out so that a search for narcotics could be performed. Irvan F. Adams, Jr. ("Adams") was in the front passenger seat and Morton was in the rear right passenger seat. During the search, a two-shot over-under double-barrel Bond Arms .410 firearm was found under the driver's seat and a ten-millimeter Glock handgun was found under the front passenger seat. Both weapons were loaded. The SUV was then transported to the Dover Police Department where another search was performed. A loaded nine-millimeter .40 Glock handgun was found under the rear driver-side seat.

(4)     Adams declined to speak with police regarding the stop and Morton denied any knowledge of the loaded handgun found under the rear driver-side seat. Cale, however, told three different versions of how the firearms ended up under the

2

seats of the SUV. Cale's first version was told to police during a recorded interview where Cale stated that the firearm under the driver's seat was his, but that he did not know how the other guns got into the SUV. After being informed that all three guns would be checked for DNA, Cale changed his story. He stated that all three guns were his, and that he had given the ten-millimeter Glock to Adams and the nine-millimeter Glock to Morton. At trial, Cale changed his story again. This time he denied giving the ten-millimeter Glock to Morton and testified that it was there prior to Morton getting in the car. Cale claimed that he did not know how to lift up the backseat of his SUV, and that he had never lifted the seat before. When asked by the State how the nine-millimeter Glock ended up under the backseat, Cale claimed that he slid the weapon underneath the seat. Cale also testified that he had pled guilty to conspiracy -- the same charge filed against Morton.[1] The parties stipulated at trial that Morton was "prohibited from purchasing, owning, possessing, or controlling a deadly weapon or ammunition for a firearm within the State pursuant to 11 Delaware Code Section 1448(a)."[2]

(5) Because Morton failed to challenge the sufficiency of the evidence for his conviction and failed to raise this issue in a post-trial motion for judgment of

---

[1] Cale also pled guilty to possession of a firearm by a person prohibited, and two counts of carrying a concealed deadly weapon.

[2] App. to Appellant's Opening Br. at A102.

3

acquittal,[3] we review for plain error.[4]  Under the plain error standard of review, "[t]he error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[5]  Further, plain error is "limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[6]

(6)     Morton argues that in order for him to be found guilty of second degree conspiracy under 11 *Del. C.* § 512,[7] he must be found to have committed an overt act in furtherance of the alleged crime.  Because he was acquitted of possession of a firearm and firearm ammunition, Morton contends that he could not have committed the overt act -- a necessary element to conspiracy.  Morton

---

[3] Morton did not make a motion for a judgment of acquittal when the jury verdict was announced or within seven days after the jury was discharged.

[4] *See Williams v. State*, 98 A.3d 917, 920 (Del. 2014) ("Because Williams failed to raise these claims in the proceeding below, Williams must show plain error to have his conviction overturned on appeal.").  Morton argues that this Court must review *de novo*. We disagree and conclude that the plain error standard of review is appropriate.

[5] *Dougherty v. State*, 21 A.3d 1, 2 (Del. 2011) (quoting *Turner v. State*, 5 A.3d 612, 615 (Del. 2010)).

[6] *Id.*

[7] 11 *Del. C.* § 512 ("A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, the person:  (1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or (2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony; and the person or another person with whom the person conspired commits an overt act in pursuance of the conspiracy.").

cites our decisions in *Johnson v. State*[8] and *Holland v. State*[9] to support his contention. The State responds that Morton's co-conspirator, Cale, committed the overt act, and therefore, the jury need not find that Morton committed the overt act for him to be convicted of conspiracy in the second degree. We agree.

(7) In *Johnson*, the jury acquitted the defendant of the burglary and attempted theft charges, but found him guilty of conspiracy.[10] The defendant then filed an appeal arguing that the jury's verdicts were inconsistent, and that he did not commit the overt act required for conspiracy because he was acquitted of the burglary charge.[11] This Court reversed, but noted that "[t]he finding by the Trial Judge that the jury may have believed that the overt act was committed by the defendant's unnamed co-conspirators is irrelevant to the defendant's guilt under this indictment, *since there is no allegation that the overt act was performed by any co-defendant.*"[12] Similarly, in *Holland*, the indictment did not allege that

---

[8] 409 A.2d 1043 (Del. 1979).

[9] 744 A.2d 980 (Del. 2000).

[10] *Johnson*, 409 A.2d at 1044.

[11] *Id.* at 1043.

[12] *Id.* at 1044 (emphasis added). The indictment in *Johnson* stated: "RAY THOMAS JOHNSON, on or about the 28th day of February, 1978, in the County of New Castle, State of Delaware, when intending to promote the commission of a felony, did agree with two unknown males, to engage in conduct constituting the felony of Burglary Third Degree and did commit an overt act in furtherance of said conspiracy, to wit: Burglary Third Degree as set forth in Count 1 of this Indictment which is incorporated herein by reference." *Stewart v. State*, 437 A.2d 153, 155 (Del 1981) (quoting the indictment in *Johnson*).

anyone other than the defendant committed the overt act of assault in the second degree.[13]

(8)    While we acknowledge that Morton may not have committed the overt act, we do not find error in the judgment below as our law provides that "the person or *another person with whom the person conspired* [may] commit[] an overt act in pursuance of the conspiracy."[14]  We explained in *Holland* that:

> Under Delaware law, it is not necessary for a defendant to commit the overt act underlying the conspiracy charge.  *It is sufficient that a co-conspirator commit the overt act*.  When the only overt act alleged is the underlying substantive crime, a defendant's acquittal on this charge negates the overt act element of a conspiracy charge *unless a co-conspirator committed the overt act*.[15]

(9)    In this case, unlike *Johnson* and *Holland*, the indictment alleged that the co-conspirators performed the overt act.[16]  The jury found beyond a reasonable doubt that Morton engaged in conduct sufficient to convict him of the conspiracy. Given Cale's inconsistent explanations regarding the firearms, a reasonable jury

---

[13] *Holland*, 744 A.2d at 982-83.

[14] 11 *Del. C.* § 512(2) (emphasis added).

[15] *Holland*, 744 A.2d at 982 (emphasis added) (internal citations omitted).  *See also Alston v. State*, 554 A.2d 304 (Del. 1989) (holding that there was no inconsistent verdict given that the jury could have found that a co-conspirator committed the overt act); *Stewart*, 437 A.2d at 156 ("The overt act need not have been committed by the defendant; it is sufficient that the delivery, the overt act, be committed by someone else, i.e., a co-conspirator.").

[16] The indictment stated:  "Irvan F. Adams, Jr., Javan F. Cale and Erick Morton, on or about the 8th day of October, 2013, in the County of Kent, State of Delaware, with intent to promote or facilitate the commission of a felony, did agree to aid another in the planning or commission of the felony or an attempt or solicitation to commit the felony of possession of a firearm or firearm ammunition by person prohibited and did commit an overt act in furtherance of said conspiracy." App. to Appellant's Opening Br. at A256.

could find that Cale committed the overt act in furtherance of the conspiracy. Because his co-conspirator committed the overt act, Section 512 provides that the jury did not need to find that Morton also committed an overt act in furtherance of the conspiracy. Thus, there is no inconsistency in the verdict. Accordingly, we find no error in the judgment below.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice