IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| XAVIER M. BROOMER, | § | |
| | § | No. 133, 2015 |
| Defendant Below-Appellant, | § | |
| | § | Court Below: |
| v. | § | Superior Court of the |
| | § | State of Delaware, in and for |
| STATE OF DELAWARE, | § | New Castle County |
| | § | |
| Plaintiff Below-Appellee. | § | Cr. I.D. No. 1408010120 |

Submitted: October 28, 2015
Decided: October 29, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Bernard J. O'Donnell, Esquire, Office of Public Defender, Wilmington, Delaware for Appellant.

Morgan T. Zurn, Esquire , Department of Justice, Wilmington, Delaware for Appellee.

**VALIHURA**, Justice:

The appellant, Xavier M. Broomer ("Broomer"), filed this appeal from the Superior Court's bench ruling of March 9, 2015, which denied his post-verdict Motion for Judgment of Acquittal. Broomer raises one argument on appeal. The jury acquitted Broomer of Aggravated Possession and Drug Dealing. However, the jury convicted Broomer of Conspiracy in the Second Degree. Broomer argues that his acquittal on the underlying offense of Drug Dealing precludes his conviction on Conspiracy in the Second Degree. We disagree and AFFIRM.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2013, the Wilmington office of the Federal Bureau of Investigation ("FBI") initiated a wiretapping and surveillance program monitoring Aaron Cephas and Deshawn Broomer ("Deshawn").[1] The program authorized the FBI to intercept phone calls associated with two of Deshawn's phones, in connection with a heroin-related drug investigation. Review of recordings from Deshawn's phones revealed two conversations with Broomer, both of which were played for the jury at Broomer's trial.

First, on June 9, 2014, Broomer called Deshawn seeking to purchase eight logs of heroin. Broomer and Deshawn agreed on a price for the heroin. Because Broomer was in Atlantic City at the time, Broomer informed Deshawn that his brother, Donte Broomer

---

[1] The parties' briefs and the record use "Deshawn" and "Dashawn" interchangeably to refer to the same person. This Opinion uses the former spelling to be consistent with the name used in the indictment. Deshawn is Broomer's cousin.

("Donte"), would contact Deshawn to arrange the sale.[2]  On the same day, shortly after Broomer's conversation with Deshawn, Donte sent multiple text messages to Deshawn.[3]

Second, on June 10, 2014, Broomer called Deshawn to advise him that he had returned from Atlantic City and to inquire as to whether the price for the heroin remained the same.  The police presented Broomer with transcripts of these conversations after his arrest.  Broomer told the police that he never completed the heroin transaction and that Deshawn was "stringing him along."  A recording of this statement was played for the jury at trial.

The indictment alleged three counts against Broomer: Aggravated Possession, Drug Dealing, and Conspiracy in the Second Degree.[4]  The count concerning Conspiracy in the Second Degree ("Count III") alleged the following:

> DONTE BROOMER AND XAVIER M. BROOMER, on or between the 9th day of June, 2014, and the 25th day of June, 2014, in the County of New Castle, State of Delaware, when intending to promote or facilitate the commission of the felony of Drug Dealing . . . did agree with Deshawn Broomer to commit said crime and one or more of them did commit an overt act in pursuance of said conspiracy by engaging in conduct constituting said felony or an attempt to commit said felony or by committing some other substantial step in pursuance of the conspiracy.

On January 28, 2015, the jury found Broomer guilty of Conspiracy in the Second Degree, but not guilty of Aggravated Possession and Drug Dealing.

---

[2] A40 (Tr. 36:9-14).

[3] A23 (Tr. 19:14-22).  Although the jury heard FBI Special Agent Joseph M. Oliver's testimony that Donte sent text messages to Deshawn, the content of these text messages was not presented to the jury.  Ex. A to Op. Br. (Tr. 14:22-15:1-8).

[4] A5-6.

Broomer filed a Motion for Judgment of Acquittal on February 6, 2015. In his Motion, Broomer argued that the State presented insufficient evidence to sustain a conviction or to satisfy the *corpus delicti* rule.[5] On March 9, 2015, after hearing arguments from counsel for Broomer and for the State, the trial court denied Broomer's Motion for Judgment of Acquittal, reasoning that there was "more than sufficient evidence" from which the jury could conclude that there was an agreement between Broomer and Deshawn.[6] The Court also found that Donte's text message communication with Deshawn "alone constitutes the overt act" in furtherance of the conspiracy.[7]

## II. CONTENTIONS OF THE PARTIES

On appeal, Broomer argues that his conviction on Conspiracy in the Second Degree was legally inconsistent with the jury's acquittal on the underlying felony of Drug Dealing.[8] He contends that his acquittal on the Drug Dealing charge barred his conviction of Conspiracy in the Second Degree. The State contends that Broomer's

---

[5] A45-50. The object of the *corpus delicti* rule is to require the State to present:

> . . . some evidence of the existence of a crime, independent of [a] defendant's confession, to support a conviction. Its purpose is to prevent individuals from being convicted of a crime by confession when there is no other evidence that a crime has been committed. It is enough if there is some evidence of the *corpus delicti* corroborating the confession, provided that all the evidence taken together proves the *corpus delicti* beyond a reasonable doubt.

*Shipley v. State*, 570 A.2d 1159, 1168-69 (Del. 1990) (internal citations omitted). In his Motion for Judgment of Acquittal, Broomer claimed that this rule required that evidence in the form of Broomer's phone calls and post-arrest statement could not be considered in weighing the sufficiency of the evidence. The Superior Court rejected this contention, finding that "conversations that were intercepted during the commission of a crime are [not] the kinds of statements contemplated by the *corpus delicti* rule." Ex. A to Op. Br. (Tr. 16:14-16).

[6] Ex. A to Op. Br. (Tr. 16:18-17:3).

[7] Ex. A to Op. Br. (Tr. 17:5-7).

[8] *See* Op. Br. at 5-9.

3

argument is waived, in view of the fact that Broomer did not present it to the trial court during the proceedings below.

## III. STANDARD AND SCOPE OF REVIEW

Because Broomer raises the argument that his acquittal on the underlying offense precludes his Conspiracy in the Second Degree conviction for the first time on appeal, we review for plain error.[9] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[10] Further, "plain error is limited to material defects which are apparent on the face of the record; which are basic, serious[,] and fundamental in their character[;] and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[11]

## IV. ANALYSIS

Count III alleged that Broomer and Donte conspired with Deshawn in violation of 11 *Del. C.* § 512, which, in subsection (2), requires "an overt act in pursuance of the conspiracy."[12] Proving the existence of an overt act does not require "a completed crime

---

[9] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *see also Williams v. State*, 98 A.3d 917, 920 (Del. 2014) (citing *Turner v. State*, 5 A.3d 612, 615 (Del. 2010)) ("Because [the defendant] failed to raise these claims in the proceeding below, [the defendant] must show plain error to have his conviction overturned on appeal.").

[10] *Dougherty v. State*, 21 A.3d 1, 3 (Del. 2011) (quotation and citation omitted).

[11] *Id.* (quotation omitted).

[12] In pertinent part, 11 *Del. C.* § 512 provides:

> A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, the person . . . (2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or

4

or even an act that would amount to a substantial step in furtherance of the underlying felony; rather, it may be any act in pursuance of or tending toward the accomplishment of the conspiratorial purpose."[13] Here, the indictment alleged that one or more of Broomer, Donte, and Deshawn "did commit an overt act in pursuance of [the] conspiracy by engaging in conduct constituting [the underlying] felony or an attempt to commit [the underlying] felony or by committing some other substantial step in pursuance of the conspiracy."[14]

"Under Delaware law, it is not necessary for a defendant to commit the overt act underlying the conspiracy charge. It is sufficient that a co-conspirator commit the overt act."[15] To support a conspiracy charge against a defendant on the basis of a co-conspirator's overt act, the indictment must allege that a co-conspirator committed the act.[16] When the State alleges overt acts other than the core offense, "acquittal on the underlying substantive crime does not preclude a conspiracy conviction."[17]

---

solicitation to commit the felony; and the person or another person with whom the person conspired commits an overt act in pursuance of the conspiracy.

[13] *Younger v. State*, 2009 WL 2612520, at *2 (Del. Aug. 26, 2009) (citation and internal quotation omitted).

[14] A6.

[15] *Holland v. State*, 744 A.2d 980, 982 (Del. 2000) (citing 11 *Del. C.* § 512; *Stewart v. State*, 437 A.2d 153, 156 (Del. 1981)).

[16] *See Johnson v. State*, 409 A.2d 1043, 1044 (Del. 1979) (determining that a defendant's conspiracy conviction was precluded by his acquittal on the underlying felony where the indictment did not allege an overt act by any of the defendant's co-conspirators); *Holland*, 744 A.2d at 982.

[17] *See Younger*, 2009 WL 2612520, at *2 (citing *Holland*, 744 A.2d at 982) ("When the only overt act alleged in the indictment is the underlying substantive crime, a defendant's acquittal on this charge negates the overt act element of a conspiracy charge, unless a co-conspirator committed the overt act.").

To support his argument that his acquittal on the underlying offense precludes his conviction on Conspiracy in the Second Degree, Broomer cites to our decisions in *Younger v. State*[18] and *Johnson v. State*.[19] The State responds that the indictment alleged that a substantial step in pursuance of a conspiracy qualified as an overt act. We agree.

In *Younger*, this Court considered the conspiracy conviction of a defendant where the indictment alleged overt acts other than the underlying felony.[20] The defendant, after he and others attacked a group of teenagers, was convicted of Conspiracy in the Second Degree, but acquitted of Assault in the Second Degree.[21] Evidence at trial suggested that one of Younger's group brought a glass bottle to the attack, and another brought a blade. This Court affirmed Younger's conviction, noting that "[w]hen the State has alleged other overt acts, . . . acquittal on the underlying substantive crime does not preclude a conspiracy conviction."[22] To support its charge of Conspiracy in the Second Degree, the *Younger* indictment alleged that one of the co-conspirators took "*some other overt act in pursuance of the conspiracy*."[23] This Court found that a jury, viewing the evidence in the light most favorable to the State, could rationally conclude that retrieving a bottle or knife prior to the attack would constitute an overt act as alleged in the indictment.[24]

---

[18] 2009 WL 2612520 (Del. Aug. 26, 2009).
[19] 409 A.2d 1043 (Del. 1979).
[20] *Younger*, 2009 WL 2612520, at *3 (observing that the indictment alleged, in part, that the defendant "did agree with unidentified subjects that one, the other or all of them would engage in conduct constituting the felony and *one, the other or all of them* did commit an overt act in pursuance of said conspiracy by engaging in conduct constituting Assault Second Degree *or by committing some other overt act in pursuance of the conspiracy*.") (emphasis in original).
[21] *Id.* at *2-3.
[22] *Id.* at *2 (citing *Holland*, 744 A.2d at 982).
[23] *Id.* at *3 (emphasis in original).
[24] *Id.* (citation omitted).

6

In *Johnson*, the jury acquitted the defendant of Burglary in the Third Degree and Attempted Theft charges, but found him guilty of Conspiracy in the Second Degree.[25] The defendant appealed, contending that the jury's verdicts were inconsistent and that he did not perform the overt act required for conspiracy because he was acquitted of the underlying offense.[26] This Court reversed, but noted that "[t]he finding by the Trial Judge that the jury may have believed that the overt act was committed by the defendant's unnamed co-conspirators is irrelevant to the defendant's guilt under this indictment, *since there is no allegation that the overt act was performed by any co-defendant*."[27]

In this case, like *Younger* and unlike *Johnson*, the indictment alleged that one or more of the conspirators performed the requisite overt act.[28] The jury found beyond a reasonable doubt that Broomer engaged in conduct sufficient to convict him of Conspiracy in the Second Degree. The telephone conversations between Broomer and Deshawn demonstrated an agreement to engage in a drug transaction. Broomer indicated

---

[25] *Johnson*, 409 A.2d at 1043-44.

[26] *Id.*

[27] *Id.* at 1044 (citations omitted) (emphasis added). The indictment in *Johnson* stated:

> RAY THOMAS JOHNSON, on or about the 28th day of February, 1978, in the County of New Castle, State of Delaware, when intending to promote the commission of a felony, did agree with two unknown males, to engage in conduct constituting the felony of Burglary Third Degree and did commit an overt act in furtherance of said conspiracy, to wit: Burglary Third Degree as set forth in Count I of this Indictment which is incorporated herein by reference.

*Stewart*, 437 A.2d at 156 (quoting the indictment in *Johnson*).

[28] *Compare Younger*, 2009 WL 2612520 at *3 (referencing that the indictment read, in part, as follows: ". . . or by committing some other overt act in pursuance of the conspiracy") (emphasis removed) *with* Count III (". . . one or more of them did commit an overt act in pursuance of said conspiracy . . . by committing some other substantial step in pursuance of the conspiracy").

7

that he would have Donte contact Deshawn to proceed with the transaction. Shortly thereafter, Donte sent text messages to Deshawn. The jury, viewing the evidence in the light most favorable to the State, could rationally conclude beyond a reasonable doubt that Donte's text messages to Deshawn were substantial steps taken in pursuance of the conspiracy. Broomer agreed to aid in the commission of a felony, his co-conspirator committed an overt act in pursuance of the conspiracy, and the indictment alleged that one or more of the conspirators performed the requisite overt act. Consequently, the jury did not need to find that Broomer also committed the underlying offense. Thus, there is no inconsistency in the verdict. We find no error in the judgment below.

## V.    CONCLUSION

Based upon the foregoing, the judgment of the Superior Court is hereby AFFIRMED.