**SUPERIOR COURT**
**OF THE**

**NOEL EASON PRIMOS**
*JUDGE*

**KENT COUNTY COURTHOUSE**
**38 THE GREEN**
**DOVER, DELAWARE 19901**
**Telephone (302) 735-2131**

December 6, 2022

Stephen R. Welch, Jr., Esq.
Department of Justice
102 W. Water Street, 3rd Floor
Dover, DE 19904

Suzanne Macpherson-Johnson, Esq.
Office of Defense Services
Sykes Building
45 The Green
Dover, DE 19901

RE: **State of Delaware v. Ramon Santiago**
I.D. No.: 2112000595
Motion for Leave to File Out of Time

Dear Counsel:

The Court has before it Defendant's Motion for Leave to File Motion for Judgment of Acquittal Out of Time in the above-captioned case.

Defendant was charged in a two-count indictment of (1) operation of a motor vehicle causing death in violation of 21 *Del. C.* § 4176A and (2) inattentive driving in violation of 21 *Del. C.* § 4176. At trial, the jury was instructed that in order to convict Defendant on Count 1, it had to find beyond a reasonable doubt, *inter alia*, that "[t]he Defendant drove or operated a motor vehicle while in violation of 21 Del.C. § 4176 (inattentive driving)."[1] On November 4, 2022, after a four-day trial, the jury returned a unanimous verdict of guilty as to Count 1 but deadlocked as to Count 2. Defendant made an oral motion to set aside the verdict, arguing that the guilty verdict as to Count 1 was legally inconsistent with the jury's failure to convict as to Count 2. The State opposed the motion, invoking the doctrine of jury lenity. The Court declined to grant Defendant's motion at the time but indicated to the

---

[1] Charge to the Jury (D.I. 25) at 7.

parties that the issue should be raised in a written post-trial motion. The Court also deferred sentencing pending the filing of such a motion.

On November 22, 2022, the Court sent a letter to counsel for both parties noting that the time limit to file post-trial motions had expired with no motions having been filed. In its letter, the Court directed the State to file a response indicating its position on whether an irreconcilable conflict exists between the jury's respective dispositions of the two counts. On December 1, 2022, Defendant filed this Motion for Leave to File Motion for Judgment of Acquittal Out of Time, indicating that the motion to file out of time was unopposed by the State. For the reasons stated below, the Defendant's motion to file out of time will be denied, but the parties are nevertheless directed to provide briefing to the Court on whether a new trial must be granted *sua sponte*.

Superior Court Criminal Rule 29(c) provides that a "motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix *during the 7-day period*."[2] The Court lacks discretion under Criminal Rule 45(b) to grant additional time once that 7-day period has expired.[3] Notwithstanding that the motion is unopposed, time limits for post-trial motions are jurisdictional.[4] Accordingly, Defendant's Motion for Leave to File Motion for Judgment of Acquittal Out of Time is **DENIED**.

However, as indicated in its letter dated November 22, 2022, the Court is concerned that the guilty verdict as to Count 1 of the indictment may be legally inconsistent with the non-verdict as to Count 2 of the indictment.[5] This argument was raised by Defendant's counsel after the verdict was returned, and the Court deferred sentencing pending the filing of post-trial motions on the issue. While Defendant has not filed any post-trial motions within the time allowed, the Court

---

[2] Super. Ct. Crim. R. 29(c) (emphasis supplied).

[3] *See* Super. Ct. Crim. R. 45(b) ("[T] he court may not extend the time for taking any action under Rules 29, 33, 34, 35, and 61(i)(1), except to the extent and under the Conditions stated in them."); *In re Motion for Judgment of Acquittal*, 2007 WL 2473338, at *1 (Del. Super. Aug. 14, 2007) ("Rule 29 mandates that a motion be filed within seven (7) days of the verdict unless you have been granted additional time by the Court within the same seven (7) days. Rule 45 does not permit [the Superior Court] to enlarge the time permitted for filing under Rule 29.").

[4] *State v. Bowie*, 2022 WL 4004005, at *2 (Del. Super. Sept. 1, 2022) ("The Delaware Supreme Court has indicated the time periods under Rule 45 are jurisdictional." (citing *Maxion v. State*, 686 A.2d 148, 151 (Del. 1996)); *see also Carr v. State*, 554 A.2d 778, 779 (Del. 1989) ("Time is a jurisdictional requirement.").

[5] *See, e.g.*, *Holland v. State*, 744 A.2d 980, 982 (Del. 2000) (applying Delaware's case law on "inconsistent verdicts" to a hung jury resulting in a "verdict and a non-verdict").

raises *sua sponte* the possibility that a new trial, rather than a judgment of acquittal, may be necessary in this case.[6]

At this time, the State is directed to file a response by December 23, 2022, indicating the State's position on whether a new trial is necessary.[7]  The Defendant shall have until January 13, 2023, to file a response to the State's position.   Both the State's and the Defendant's responses shall conform to the length requirements for motions and responses and include citations to relevant authority.

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP/tls
*Via Email*
oc:   Prothonotary

---

[6] *See State v. Harris*, 1996 WL 528421, at *1–2 (Del. Super. Aug. 14, 1996) (granting a new trial based on grounds not advanced in the defendant's motion and reasoning that a trial court may grant "a new trial, *sua sponte,* for the promotion of justice, if sufficient cause exists" (quoting *Commonwealth v. Powell*, 590 A.2d 1240, 1242 (Pa. 1991))).

[7] The State need no longer respond to the Court's November 22, 2022, letter.