**Raymond E. BLAKE, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 282, 2012.

Supreme Court of Delaware.

Submitted: Feb. 27, 2013.

Decided: April 29, 2013.

---

Nicole M. Walker, Esquire, of the Office of the Public Defender, Wilmington, Delaware, for Appellant.

Gregory E. Smith, Esquire, Elizabeth McFarlan, Esquire (argued), of the Department of Justice, Wilmington, Delaware, for Appellee.

Before HOLLAND, JACOBS, and RIDGELY, Justices.

RIDGELY, Justice:

Raymond Blake was arrested after a police investigation revealed he was in possession of over 15 grams of cocaine and almost 5 grams of heroin. Blake was tried before a Superior Court jury for Trafficking in Cocaine, Possession with Intent to Deliver ("PWID") Cocaine, PWID Heroin, and Maintaining a Vehicle for Keeping Controlled Substances. The jury found Blake guilty of the lesser-included offenses of Possession of Cocaine and Possession of Heroin, not guilty of Maintaining a Vehicle, and could not agree unanimously on the trafficking charge.

Prosecutors then sought and obtained another indictment of Blake, charging him with Trafficking in Cocaine and Trafficking in Heroin, based upon his possession of the same contraband he was convicted of possessing in the first trial. Blake's motion to dismiss was denied and at the second trial he was convicted as charged.

Blake appeals, claiming the protection against Double Jeopardy under the Fifth Amendment of the United States Constitution barred the State from trying him on trafficking in a controlled substance charges when he had already been convicted of the lesser included offense of Possession based on the same conduct. We agree. The Double Jeopardy Clause bars a successive prosecution based on the same conduct for which Blake was previously convicted. Accordingly, we reverse and remand with instructions to vacate Blake's Trafficking convictions.[1]

### Facts and Procedural History

On November 8, 2011, the Wilmington Police had a confidential informant place a phone call to Blake, seeking to purchase an "eight ball" of crack cocaine. Detectives were, at the time, conducting surveillance of Blake at his residence. The C.I. and Blake set a location for the purported drug purchase. Police followed Blake to the location. When Blake arrived at the location, the police removed him from his car. A search of Blake's person revealed approximately 3.52 grams of cocaine and 1.2 grams of heroin. The heroin was stamped with the name "Taliban."

Once in custody, Blake consented to a search of his residence at 1821 West Fourth Street. At Blake's residence, police discovered 12.27 grams of cocaine, and 2.66 grams of heroin—some of which was stamped with the "Taliban" moniker. In addition to the drugs, police found unused wax envelops a digital scale, and small plastic bags.

A grand jury indicted Blake on charges of Trafficking in Heroin, PWID Heroin, Trafficking in Cocaine, PWID Cocaine, and Maintaining a Vehicle for Keeping Controlled Substances. A clerical error led the prosecutor to believe the Controlled Substances Report showed an insufficient amount of heroin to support a Trafficking in Heroin conviction. The prosecutor entered a *nolle prosequi* on the Trafficking in Heroin charge.

After a two-day trial, a Superior Court jury found Blake guilty of the lesser-included offenses of Possession of Cocaine and Possession of Heroin. The jury could not agree upon a verdict on the Trafficking in Cocaine charge. The jury acquitted Blake of Maintaining a Vehicle for Keeping Controlled Substances.

After the jury verdict, the trial judge directed the prosecutor to "let me know what you're going to do with the Trafficking charges" within ten days. The prosecutor immediately responded "I'll tell you right now, I'm going to try it. I'm going to re-indict him on the heroin trafficking, because it was *nolle prossed* in error."

Another grand jury re-indicted Blake on the charges of Trafficking in Cocaine and Trafficking in Heroin. Blake moved to dismiss the Trafficking in Heroin charge, alleging vindictive prosecution. In his motion, Blake argued that the prosecutor told defense counsel before trial that he had incorrectly computed the weight of the heroin. The prosecutor denied this allegation, arguing that he only discovered the error during trial. Blake's motion was denied. The Superior Court then granted Blake's application to represent himself.

After a three-day trial, Blake was convicted of both trafficking charges. Blake moved to vacate both his convictions for

---

1. Our holding makes it unnecessary to address Blake's claim that the successive prosecution also violated Article I, § 8 of the Delaware Constitution. Blake also claims the doctrine of collateral estoppel precludes his second trial, and that he was the victim of vindictive prosecution. As we find the protections against Double Jeopardy preclude the second Trafficking prosecution, we need not consider these other claims.

Possession and Trafficking, or in the alternative, to merge the convictions. His motion was denied. This appeal followed, with Blake again represented by counsel.

### Discussion

■ Blake argues that the prosecution of the Trafficking charges twice put him in jeopardy for the same crime. The Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject to the same offense to be twice put in jeopardy...."[2] The Double Jeopardy Clause provides three related protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."[3] "When a defendant has been once convicted and punished for a particular crime, principles of fairness and finality require that he not be subjected to the possibility of further punishment by being again tried or sentenced for the same offense."[4] "The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity...."[5] "The protection against double jeopardy is fundamental to our criminal justice system. It is found in the Fifth Amendment to the United States Constitution, in ... the Delaware Constitution, and in the Delaware criminal statutes."[6] Double Jeopardy "forbids successive prosecution and cumulative punishment for a greater and lesser included offense."[7]

■ Delaware law provides that "when the same conduct of a defendant may establish the commission of more than 1 offense, the defendant may be prosecuted for each offense."[8] The United States Supreme Court has placed limits on the State's ability to prosecute the same conduct twice. "[W]here ... a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."[9] "An offense is included [in a greater offense] when [i]t is established by the proof of the same or less than all of the facts required to establish the commission of the offense charged."[10] A defendant cannot be convicted of a lesser-included offense and the greater offense. Double Jeopardy applies regardless of whether the conviction for the lesser included preceded or followed conviction for the greater offense.[11]

2.  U.S. Const. Amend. V., cl. 2.

3.  *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

4.  *U.S. v. Wilson*, 420 U.S. 332, 343, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

5.  *Green v. U.S.*, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

6.  *State v. Willis*, 673 A.2d 1233, 1235 (Del.Super.1995).

7.  *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

8.  11 *Del. C.* § 206(a).

9.  *Brown*, 432 U.S. at 168, 97 S.Ct. 2221.

10.  11 *Del. C.* § 206.

11.  *Brown*, 432 U.S. at 169, 97 S.Ct. 2221. ("'Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.'").

■■■ Blake did not raise directly the issue of Double Jeopardy below, and the Superior Court did not address the issue on its own. Our standard of review is therefore plain error.[12] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[13] "Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[14] We previously have held that a violation of the Double Jeopardy Clause constitutes a material defect that is apparent on the face of the record.[15]

■■■ The record before us shows that Blake was tried a second time for the same offenses. To be found guilty of Trafficking in Cocaine and Heroin under Title 16, Section 4753A if the Delaware Code, the State must prove beyond a reasonable doubt that Blake was (1) knowingly in actual or constructive possession, of (2) 10 grams or more of cocaine or 2.5 grams or more of heroin.[16] To be found guilty of Possession under Title 16, Section 4753A of the Delaware Code, the State had to prove beyond a reasonable doubt that the defendant knowingly or intentionally possessed, used or consumed a controlled substance "unless the substance was obtained directly from" an authorized practitioner.[17] The sole element of each Possession charge for which Blake was convicted was also an element of Trafficking. Trafficking is distinguished only by an additional quantity requirement. Possession is a lesser-included offense of Trafficking.

We previously have held that a defendant's "dual convictions for Trafficking in Cocaine and Possession of Cocaine subjected him to double jeopardy."[18] In *McRae v. State*, the defendant was charged with Trafficking in Cocaine, PWID Cocaine, and Possession of Cocaine.[19] During trial, the trial judge ruled that the separate charge of Possession would be dismissed, but the jury would be instructed on Possession as a lesser-included offense of PWID.[20] The jury returned a verdict of guilty as to the Possession and the Trafficking charges.[21] On appeal, we found merit to McRae's contention that the Possession and PWID convictions violated principles of Double Jeopardy.[22] We issued a similar holding in *Hickman v. State*, stating, "[A] conviction for both Trafficking of Cocaine and the lesser-in-

---

12. *See* Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Turner v. State*, 5 A.3d 612, 615 (Del.2010) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986)).

13. *Turner*, 5 A.3d at 615 (quoting *Wainwright*, 504 A.2d at 1100).

14. *Id.*

15. *Williams v. State*, 796 A.2d 1281, 1284 (Del.2002).

16. 16 *Del. C.* § 4753A(a)(2)-(3) (Repealed by 78 Laws 2011, ch. 13, § 39, eff. Sept. 1, 2011).

17. 16 *Del. C.* § 4753 (Amended Sept. 1, 2011).

18. *McRae v. State*, 782 A.2d 265, 2001 WL 1175349, at *4 (Del.2001); *Hickman v. State*, 801 A.2d 10, 2002 WL 1272154 (Del.2002).

19. *McRae*, 2001 WL 1175349, at *4.

20. *Id.*

21. *Id.* at *1.

22. *Id.* at *6.

cluded offense of Possession of Cocaine constitutes double jeopardy."[23]

The State concedes that all of the convictions of Blake for Possession and Trafficking cannot stand. The State argues that this case should be remanded so that the two Possession convictions it first obtained can be vacated. The State contends that *McRae* and *Hickman* do not apply here because the jury convicted Blake of Possession as a lesser-included offense of PWID and not Trafficking. Instead, the State claims *Blueford v. Arkansas* should control. In *Blueford*, the United State Supreme Court permitted another trial of a capital murder charge where the original trial ended without a clear verdict on the charges submitted to the jury.[24] Blueford was charged with capital murder, but the jury was instructed to consider the lesser-included offenses of first-degree murder, manslaughter, and negligent homicide.[25] After extensive deliberation, the jury was unable to agree upon which charge to convict the defendant.[26] The jury reported to the trial judge that it had unanimously agreed not to convict on capital murder or first-degree murder, and was hung on the remaining charges.[27] The Supreme Court held, "The jury in this case did not convict Blueford of any offense, but it did not acquit him of any either."[28] Thus, the Supreme Court permitted Blueford to be tried again on all charges.[29]

Contrary to the State's argument, *Blueford* is inapposite. In *Blueford,* the jury was unable to reach *any* verdict. Here, the jury was hung on the Trafficking in Cocaine charge, but was able to reach a verdict as to Possession of Cocaine and Possession of Heroin. We find the United States Supreme Court decision in *Brown v. Ohio* to be controlling. In *Brown,* the defendant was convicted of joyriding, which is a lesser-included offense of auto theft.[30] The defendant was subsequently charged and convicted of auto theft.[31] Both the joyriding and auto theft convictions relied on the same act by the defendant—the stealing of a Chevrolet and engaging in a nine-day joyride.[32] The Supreme Court rejected the prosecutor's argument that the two charges related to different periods during the defendant's nine-day joyride.[33] The Court wrote, "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."[34] The Court emphasized that Double Jeopardy is violated regardless of whether or not a conviction of "the greater [offense] precedes the conviction of the lesser...."[35] Under *Brown,* where the State obtains a conviction for a lesser-included offense, Double Jeopardy is violated by a successive prosecution for the same conduct regardless of the order of the convictions.

**23.** *Hickman,* 2002 WL 1272154, at *6.

**24.** *Blueford v. Arkansas,* —— U.S. ——, 132 S.Ct. 2044, 2053, 182 L.Ed.2d 937 (2012).

**25.** *Id.* at 2052–53.

**26.** *Id.* at 2049.

**27.** *Id.*

**28.** *Id.* at 2053.

**29.** *Id.*

**30.** *Brown,* 432 U.S. at 163, 97 S.Ct. 2221.

**31.** *Id.* at 162, 97 S.Ct. 2221.

**32.** *Id.* at 163, 97 S.Ct. 2221.

**33.** *Id.*

**34.** *Id.* at 169, 97 S.Ct. 2221.

**35.** *Id.* at 168, 97 S.Ct. 2221.

Once Blake was convicted of Possession of specific contraband, he could not again be placed in jeopardy for that crime. Because the second prosecution for the greater offense subjected Blake to double jeopardy, the State cannot avoid the protection the Double Jeopardy Clause provides by offering to vacate the lesser-included offense as consolation. Double jeopardy principles forbid the successive prosecution which the State asks us to uphold. It was constitutionally impermissible and plain error for the trial court to permit the Trafficking charges against Blake to proceed.

### Conclusion

The judgment of the Superior Court is **REVERSED** and this matter is **REMANDED** with instructions to vacate the Trafficking convictions obtained in violation of the Double Jeopardy Clause.