IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH C. JACKSON, | § | |
| | § | |
| Defendant Below- | § | No. 638, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0708009517 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 14, 2015
Decided: July 23, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### O R D E R

This 23rd day of July 2015, upon consideration of appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1) The appellant, Joseph Jackson, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jackson's opening brief that his appeal is without merit. We find no merit to the appeal. Thus, we affirm the Superior Court's judgment.

(2) The record reflects that, during the course of several months in 2007, undercover officers purchased drugs from Jackson at his home in

Clayton on multiple occasions. As a result of that investigation, Jackson was arrested and indicted in August 2007 in Cr. ID 0708009517 on nine charges, including three counts of Delivery of Cocaine. The deliveries were alleged to have occurred on June 8, 2007, June 21, 2007, and July 18, 2007. When police went to Jackson's home to arrest him on August 7, 2007, he was found in possession of other narcotics and paraphernalia, which led to another indictment in October 2007 on additional charges in Cr. ID 0708009454.

(3) Jackson pled guilty in December 2008 in Cr. ID 0708009517 to two counts of Delivery of Cocaine. The plea agreement reflected that Jackson agreed to be sentenced immediately as a habitual offender. The State recommended a total sentence of twenty-seven years at Level V to be suspended after serving twelve years in prison for one year at Level III probation, which the Superior Court imposed. Jackson did not appeal. Instead, he filed unsuccessful motions for correction of sentence and postconviction relief.

(4) In April 2014, Jackson filed another motion for correction of sentence, alleging that, under this Court's decision in *Blake v. State*,[1] his convictions and sentences in Cr. ID 0708009517 should have merged with the convictions and sentences in Cr. ID 0708009454 because all of the charges

---

[1] *Blake v. State*, 65 A.3d 557 (Del. 2013).

2

resulted from the same on-going transaction. He alleged that his sentences for Delivery violated double jeopardy. The Superior Court denied his motion. This appeal followed.

(5) Jackson raises two issues in his opening brief on appeal. First, he contends that the Superior Court erred in treating his motion for correction of sentence under Superior Court Criminal Rule 35(a) as a motion for modification of sentence under Rule 35(b). Second, he argues that the Superior Court erred in denying his motion because his sentences violate double jeopardy principles.

(6) We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.[2] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[3]

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(7) As to Jackson's first claim, it appears that the Superior Court mistakenly treated Jackson's motion as a motion for modification of sentence under Rule 35(b), rather than a motion for correction of sentence under Rule 35(a). Although the Superior Court erred in holding that Jackson's motion was time-barred, we nonetheless affirm the Superior Court's denial of Jackson's motion on the independent and alternative ground that it lacked merit under Rule 35(a).[4]

(8) Jackson's reliance upon this Court's decision in *Blake v. State* to support his argument that his convictions and sentences violate double jeopardy is misplaced. In *Blake v. State*, a jury found Blake guilty of Possession of Cocaine and Possession of Heroin but was hung on a charge of Trafficking in Cocaine.[5] After the verdict was entered, the State reindicted Blake on Trafficking in Cocaine and Trafficking in Heroin for the same conduct that was at issue in his earlier trial. We concluded that the State's reindictment subjected Blake to double jeopardy.[6]

(9) The facts of *Blake v. State* are distinguishable from Jackson's case. Jackson was indicted in August 2007 in Cr. ID 0708009517 for three

---

[4] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

[5] *Blake v. State*, 65 A.3d at 560.

[6] *Id*. at 564.

4

separate drug transactions occurring on three different dates. The October 2007 indictment in Cr. ID 0708009454 arose from criminal conduct that occurred when officers went to Jackson's home to arrest him on August 7, 2007. The conduct alleged in the two indictments constituted separate and distinct criminal offenses.[7] Neither his convictions nor his sentences violate double jeopardy principles. Accordingly, we affirm the Superior Court's denial of his motion for correction of sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[7] *Tilghman v. State*, 2002 WL 31107054, *1 (Del. Sept. 19, 2002).

5