# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: _July 28, 2015_____

**NO. 33,041**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**LUIS MADRIGAL,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**BUSTAMANTE, Judge.**

{1}     Defendant Luis Madrigal (Defendant) appeals his conviction for trafficking, conspiracy to commit trafficking, and possession of drug paraphernalia. Because we conclude that Defendant was twice put in jeopardy for the same crime when the State both forfeited his property and subjected him to a criminal trial, we further conclude that Defendant's convictions must be vacated. *See* N.M. Const. art. II, § 15; NMSA 1978, § 30-1-10 (1963).

**BACKGROUND**

{2}     Defendant was stopped while driving away from an apartment that was under surveillance by officers investigating drug trafficking. Cocaine was found in his pocket. He was indicted on July 16, 2009, for trafficking (possession with intent to

---

[1]The present matter is decided under the Forfeiture Act enacted in 2002. *See* NMSA 1978, §§ 31-27-1 to -8 (2002, as amended through 2015). All references to the Forfeiture Act herein are to the statute as it existed before the 2015 amendments. In the 2015 session, the New Mexico Legislature substantially amended the Forfeiture Act. *See* 2015 N.M. Laws, ch. 152, §§ 1 to 10. Among other changes, the 2015 amendments provide that the Forfeiture Act "ensure[s] that only criminal forfeiture is allowed in this state[,]" and that "[t]he forfeiture proceeding shall begin after the conclusion of the trial for the related criminal matter in an ancillary proceeding . . . before the same judge and jury, if applicable[.]" Section 31-27-2(A)(6); § 31-27-6(C). They also state that "[d]iscovery conducted in an ancillary forfeiture proceeding is subject to the rules of criminal procedure." Section 31-27-6(D). These amendments took effect on July 1, 2015. 2015 N.M. Laws, ch. 152, § 21. Thus the precise scenario presented in this case is unlikely to be repeated.

distribute), conspiracy to commit trafficking, and possession of drug paraphernalia. A forfeiture complaint for the cash found in Defendant's pocket during the stop was filed fourteen days later on July 30, 2009, pursuant to the Forfeiture Act and the Controlled Substances Act, NMSA 1978, §§ 30-31-1 to -41 (1972, as amended through 2015). The forfeiture complaint had the same case number as the criminal case and was assigned to the same judge. A summons for the forfeiture complaint was issued the same day. The parties differ as to whether the summons was properly served. Defendant argues that the summons was served at Defendant's address in El Paso, Texas, although he was still in custody in New Mexico at the time and "could not possibly have been personally served at that address." The State maintains that the "return on th[e] summons indicated that Defendant was personally served with it on August 4, 2009." In any case, the parties agree that Defendant was not present for the forfeiture hearing on November 9, 2009. Because he failed to appear or answer the forfeiture complaint, the district court, Judge Bridgforth, entered a default judgment against him. Although the criminal case was initially assigned to Judge Bridgforth, it was reassigned several times and ultimately was tried in October 2012—roughly three years after entry of the default judgment—before Judge Macias. Defendant was convicted by a jury of all charges and sentenced to eighteen years imprisonment.

**DISCUSSION**

{3}     Defendant argues that (1) his right to be free of double jeopardy was violated, (2) his counsel at trial was ineffective, and (3) there was insufficient evidence to support his convictions. Because we agree with Defendant's first argument, we need not reach the other two.

{4}     We begin with the State's concession that the forfeiture of Defendant's money was fatally flawed under the Forfeiture Act. Section 31-27-6(E)(2) of the Forfeiture Act provides that "[t]he court shall enter a judgment of forfeiture and the property shall be forfeited to the state if the state proves by clear and convincing evidence that . . . the criminal prosecution of the owner has resulted in a conviction[.]" In addition, the State must prove by clear and convincing evidence that the property is subject to forfeiture and certain facts about the value of the property. Section 31-27-6(E)(1), (3). The State concedes that default judgment in the forfeiture matter was improper because Defendant had not yet been convicted, and the State did not demonstrate that the other elements were met. Because "compliance with the Forfeiture Act is mandatory[,]" we agree that the forfeiture judgment is invalid. *Albin v. Bakas*, 2007-NMCA-076, ¶ 1, 141 N.M. 742, 160 P.3d 923. We therefore vacate that judgment.

{5}     The State argues that "[i]f the forfeiture is vacated, then the double jeopardy issue is mooted" and that once the forfeiture is vacated, "there [i]s only one

4

proceeding" and, thus, no double jeopardy violation. We disagree. Jeopardy attached on entry of the default judgment. *State v. Esparza*, 2003-NMCA-075, ¶ 17, 133 N.M. 772, 70 P.3d 762 ("[I]t is now settled that jeopardy attaches upon a court's entry of default judgment."). The State's concession that the default judgment was obtained in error does not negate the fact that the default proceedings occurred or that jeopardy attached. *See State v. Nunez*, 2000-NMSC-013, ¶ 167, 129 N.M. 63, 2 P.3d 264 (Serna, J., dissenting) ("[U]nder a true successive prosecution inquiry, . . . it would be a violation of double jeopardy to subject a defendant to multiple prosecutions regardless of whether an earlier prosecution resulted in acquittal, and therefore no punishment, or conviction, and therefore punishment. The harm the defendant suffers is the proceeding itself, regardless of the outcome."). *Cf. Blake v. State*, 65 A.3d 557, 564 (Del. 2013) ("Because the second prosecution for the greater offense subjected [the defendant] to double jeopardy, the [s]tate cannot avoid the protection the Double Jeopardy Clause provides by offering to vacate the lesser-included offense as consolation.").

{6}     We therefore go on to examine whether Defendant's right to be free from double jeopardy under the New Mexico Constitution, Article II, Section 15, was violated when he was subjected to trial on the criminal charges. In *Nunez*, the Supreme Court of New Mexico held that forfeitures under the Controlled Substances

Act "are decidedly punitive for double[]jeopardy purposes." 2000-NMSC-013, ¶ 94. The *Nunez* Court then made clear that, to avoid double jeopardy concerns, "all forfeiture complaints and criminal charges for violations of the Controlled Substances Act may both be brought only in a single, bifurcated proceeding." *Id.* ¶ 104. The crux of the matter now before us is whether the State pursued the forfeiture and criminal actions in a single proceeding or whether the proceedings were sufficiently distinct as to constitute separate proceedings.

{7}     This Court addressed single versus separate proceedings in *Esparza*. There, the Court considered three consolidated cases (*Esparza*, *Booth*, and *Reed*) involving both criminal charges and forfeitures and focused specifically on whether the proceedings were separate such that double jeopardy principles precluded successive trials on both. *Esparza*, 2003-NMCA-075, ¶¶ 1, 19. The *Booth* case involved facts similar to those here, i.e., a default forfeiture judgment and subsequent criminal prosecution. *Id.* ¶¶ 6-8. In considering whether the forfeiture and criminal proceedings were separate, the Court noted that the forfeiture motion was filed three days after the indictment, had the same cause number as the indictment, and was directed to the same judge as the indictment. *Id.* ¶ 27. The Court also concluded that "[d]efendant Booth was on notice of the dual penalties facing him before either of the proceedings was resolved and . . . had no expectation of finality upon the resolution of the forfeiture motion."

*Id.* ¶ 28. It also observed that "the State was not afforded multiple opportunities to rehearse its trial strategy, and [d]efendant Booth was not repeatedly subjected to the expense, embarrassment[,] and ordeal of repeated trials." *Id.* (internal quotation marks and citation omitted). Finally, the Court stated that "the State . . . endeavored, in good faith, to comply with the requirement of a single proceeding." *Id.* ¶ 33. It concluded that, "given the circumstances" of that case, "the unity of the two proceedings is apparent[.]" *Id.* It further concluded that Booth's right to be free of double jeopardy was not violated. *Id.* ¶ 46.

{8}    Such unity is not apparent here. First, while it is true that the indictment and forfeiture complaint referenced the same case number, "the mere act of assignment of a docket number is insufficient, of itself, to demonstrate that the penalties were sought in a single, bifurcated proceeding." *Id.* ¶ 27. Second, although the two matters were initially assigned to the same judge, ultimately the two matters were decided before different judges. *See id.* ¶¶ 27, 32 (relying in part on the fact that the proceedings were overseen by the same judge to hold that forfeiture and criminal proceedings were not separate). Third, the parties dispute whether Defendant had notice of the forfeiture action at all. Fourth, the criminal trial occurred nearly three years after the conclusion of the forfeiture action. Neither *Nunez* nor *Esparza* require that forfeiture and criminal proceedings result in a single judgment or that they

7

proceed in lock step. *See Nunez*, 2000-NMSC-013, ¶ 31; *Esparza*, 2003-NMCA-075, ¶¶ 20-22. In *Booth*, the criminal proceeding concluded with a plea nine months after the default judgment was entered. *Esparza*, 2003-NMCA-075, ¶ 8. *Contra Oakes v. United States*, 872 F. Supp. 817, 824-25 (E.D. Wash. 1994) (noting that "the civil decree of forfeiture was not entered until nearly ten months after the [p]etitioner's criminal conviction" in its holding that the forfeiture and criminal proceedings were separate), *rev'd on other grounds*, *United States v. Oakes*, 92 F.3d 1195 (9th Cir. 1996) (non-precedential). Nevertheless, the length of time between the default judgment and criminal convictions here stretches the bounds of what can be reasonably considered a single proceeding. Finally, we cannot ascribe good faith to the State when it sought a default forfeiture judgment in disregard of statutory requirements that had been in effect for seven years. *See* § 31-27-6. Considering these circumstances as a whole, we conclude that the forfeiture and criminal actions were pursued in separate proceedings.

{9} Because subjecting Defendant to two separate proceedings resulting in two penalties based on the same conduct is contrary to double jeopardy principles as stated in *Nunez*, we further conclude that Defendant's double jeopardy rights were violated. 2000-NMSC-013, ¶ 104 ("The only feasible way to avoid double jeopardy is to bring both civil and criminal suits in one combined proceeding." (alteration,

internal quotation marks, and citation omitted)). Hence, Defendant's criminal convictions must be vacated. *Id.* ¶ 30 ("The New Mexico Constitution bars whichever action placed the defendant in jeopardy a second time for the same offense.").

**CONCLUSION**

{10}  For the foregoing reasons, we remand to the district court with instructions to vacate the forfeiture judgment and Defendant's convictions.

{11}  **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**