IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN LOLLEY, | § | |
| | § | |
| Defendant Below, | § | No. 334, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1403007951 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 27, 2016
Decided: February 4, 2016

Before **HOLLAND**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 4th day of February, 2016, it appears to the Court that:

(1)    The police arrested Jonathan Lolley and Lenore Frankel in a motel room after finding heroin and illegal prescription drugs in the room.  In two jury trials, a Superior Court jury convicted Lolley of drug dealing, illegal possession of prescription drugs, and second degree conspiracy.  He claims on appeal that the Superior Court erred in his second trial by holding the prayer conference where jury instructions were discussed *after* closing arguments.  Lolley argues that this error caused prejudice to his defense because it did not put his counsel on notice that the jury would be instructed on accomplice liability.  After a careful review of the record, we conclude that Lolley has failed to demonstrate that the Superior

Court committed plain error. Therefore we affirm the judgment of the Superior Court.

(2) On March 11, 2014, Lolley and Frankel were staying at the Super Lodge Motel north of New Castle, Delaware. The police were looking for Frankel as part of an investigation unrelated to this case, and learned that she was at the motel. After the police knocked on Frankel's motel room door, and several minutes passed during which they heard shuffling inside the room, Frankel and Lolley opened the door and allowed the police to enter. Once inside, the officers smelled burnt cannabis and saw a "blunt." They arrested Lolley and Frankel after finding twenty-eight small bags of heroin, several empty heroin bags, $281 in cash, and prescription drugs.

(3) The State charged Lolley with dealing heroin, possession of a non-controlled prescription drug without a prescription, and second degree conspiracy to commit drug dealing. Lolley's first trial took place in November, 2014. The jury instructions included an accomplice liability instruction for the drug dealing charge. The jury convicted Lolley of conspiracy and illegal possession of the prescription drugs, but could not reach a verdict on the drug dealing charge.

(4) Lolley's second trial took place in May 2015, and was limited to the drug dealing charge. After Lolley and the State presented closing arguments, the court held a prayer conference to discuss the jury instructions. The parties were

working from the same jury instructions used in the first trial, and were deleting the parts that were now irrelevant because of the convictions in the first trial. There were also other minor modifications. At this point, Lolley objected to the inclusion of the accomplice liability instruction on the ground that the State had presented insufficient evidence that there had been any kind of agreement between Lolley and Frankel. The court overruled the objection, reasoning that there was sufficient evidence for the jury to infer accomplice liability. The jury found Lolley guilty of drug dealing on May 20, 2015. This appeal followed.

(5) Because Lolley failed to preserve in the Superior Court his objection to the timing of the prayer conference, we review for plain error.[1] "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[2]

(6) Lolley argues that it was plain error for the Superior Court to hold the prayer conference after closing arguments, because it did not give his counsel an opportunity to respond appropriately in his closing to the accomplice theory of

---

[1] *Blake v. State*, 65 A.3d 557, 562 (Del. 2013); *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) ("This Court, in the exercise of its appellate authority, will generally decline to review contentions not raised below and not fairly presented to the trial court for decision.").
[2] *Blake*, 65 A.3d at 562 (quoting *Turner v. State*, 5 A.3d 612, 615 (Del. 2010)).

3

liability for the drug dealing charge. Lolley relies on Superior Court Criminal Rule 30 for the proposition that the trial court must "inform counsel of its proposed [jury instructions] prior to their arguments to the jury." Lolley claims that by arguing in closing that his involvement was incidental to Frankel's drug dealing, he unwittingly conceded accomplice liability, and that this concession flowed from the order of closing arguments and the prayer conference.

(7) Rule 30 does not require that the court hold a prayer conference before closing arguments. Rather, Rule 30 provides that "any party *may* file written requests that the court instruct the jury on the law as set forth in the requests." If this happens, then the court "shall inform counsel of its proposed action upon the requests prior to their arguments to the jury." Although Rule 30 does not literally say so, it follows that a defendant who requests a prayer conference to discuss jury instructions before closing arguments should be entitled to one.[3]

(8) Lolley's counsel did not submit proposed instructions for the second trial. Nor did Lolley request a prayer conference before closing arguments. Rule 30 therefore did not come into play. Although "[i]t is the practice in this

---

[3] *See Lewis v. State*, 416 A.2d 208, 210 (Del. 1980), ("[A]s the defendant did not submit any proposed jury instructions pursuant to Rule 30 and did not request a preview of the jury instructions, the Trial Court did not commit any error by failing to submit the instructions to the defendant.").

jurisdiction for the trial judge to confer with counsel on the proposed jury instructions prior to summation and, thus, counsel are generally aware of the substance of the instructions which will follow,"[4] absent the submission of proposed instructions in advance or a request for a prayer conference, it was not plain error for the Superior Court to have proceeded to closing argument without first holding a prayer conference.

(9) Lolley has also failed to demonstrate how the alleged error caused sufficient prejudice to deprive him of a substantial right or result in manifest injustice. The parties were proceeding in the second trial using the same jury instructions as in the first trial. Lolley would therefore have had notice of what would be in the jury instructions before closing arguments. The jury instructions in the two cases were largely identical,[5] the prayer conference at the second trial mostly involved modifying the instructions to be consistent with the remaining drug dealing charge, and the prosecutor conducted his closing argument as if he was fully aware of what would be in the jury instructions.[6] Lolley has failed to show that he had any reason to believe the accomplice liability instruction would not be given in the second trial.

---

[4] *DeAngelis v. Harrison*, 628 A.2d 77, 80 (Del. 1993).

[5] The jury instructions in the two cases were largely identical to the extent they related to the drug dealing charge. The instructions relating to conspiracy and to the prescription drug crime were of course omitted in the second trial.

[6] *E.g.*, App. to Opening Br. at 45 ("Element of knowingly, as you'll hear in the instructions from [the judge], it's incredibly difficult to know what's going on in the mind of another person.").

(10) Further, Lolley has not shown how defense counsel would have changed strategy had the prayer conference been held before closing arguments. In the first trial, where Lolley did not object to the accomplice liability instruction, he claimed he was present in the motel room because of a social relationship with Frankel, and not as a participant in any drug dealing crimes.[7] In the second trial, he offered essentially the same defense.[8] This defense did not amount to a concession of accomplice liability, and was probably the most plausible defense available considering the substantial circumstantial evidence against Lolley. Accordingly, the order of the prayer conference did not amount to an error that plainly deprived Lolley of a substantial right or clearly showed manifest injustice.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[7] App. to Answering Br. at 7 ("The only thing that the State has proven beyond a reasonable doubt today is that Mr. Lolley has very questionable taste in girlfriends but not that he's out dealing drugs.").

[8] App. to Opening Br. at 47 ("[I]f it's possible that [Lolley] went to go see [Frankel] . . . and she was dealing drugs, . . . [Lolley] gets the benefit of that explanation. I could go on. I could explain to you all the evidence, but I think that really sums up my argument, which is that if there is an innocent possible explanation that you need to find [Lolley ] not guilty.").

6