IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRANCE STOKES, | § | |
| | § | |
| Defendant Below, | § | No. 298, 2020 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1706006325B (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: January 25, 2021
Decided: March 26, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Terrance Stokes, appeals the Superior Court's denial of his motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Stokes' opening brief that his appeal is without merit. We agree and affirm.

(2)    In September 2017, a Superior Court grand jury charged Stokes by indictment with three counts of drug dealing, two counts of second degree conspiracy, and one count of possession of paraphernalia (together, "the drug

charges") as well as two counts of possession of a firearm by a person prohibited ("PFBPP") and one count of possession of ammunition by a person prohibited (together, "the person-prohibited charges"). At Stokes' request, the Superior Court severed the person-prohibited charges ("Case B") from the drug charges ("Case A"). On February 13, 2018, Stokes pleaded guilty to one count of PFBPP in Case B. In exchange for Stokes' plea, the State dismissed the remaining charges pending against him in both Case B and Case A. The Superior Court immediately sentenced Stokes in accordance with the plea agreement to fifteen years of Level V incarceration, suspended after the minimum-mandatory term of five years for eighteen months of Level III probation. Stokes did not appeal his conviction or sentence.

(3) On August 3, 2018, Stokes filed a timely motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). Stokes argued that: (i) the State had withheld exculpatory evidence in violation of *Brady v. Maryland*;[1] (ii) he was illegally seized and searched; and (iii) trial counsel was ineffective for failing to investigate his case and present various arguments on his behalf. The Superior Court appointed counsel to assist Stokes with the postconviction proceedings. Postconviction counsel later moved to withdraw, indicating that, after a careful review of the record, he had not identified any potential grounds for postconviction

---

[1] 373 U.S. 83 (1963).

relief.  After expanding the record with briefing and directing trial counsel to file an affidavit responding to the ineffective assistance of counsel claims raised in Stokes' motion, the Superior Court granted postconviction counsel's motion to withdraw and denied Stokes' motion for postconviction relief.[2]  This appeal followed.

(4)     We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3]  The procedural bars of Rule 61 must be considered before any substantive claims are addressed.[4]  Rule 61(i)(3) bars any ground for relief that was not asserted in the proceedings leading to the judgment of conviction.[5]  On the other hand, ineffective assistance of counsel claims are properly raised in a timely filed motion for postconviction relief.[6]  Claims of ineffective assistance of counsel are governed by the two-prong test set forth in *Strickland v. Washington*.[7]  In order to prevail on a claim of ineffective assistance of counsel after a defendant has entered a guilty plea, the defendant must demonstrate that (i) trial counsel's representation fell below an objective standard of reasonableness,[8] and (ii) counsel's actions were so prejudicial "that there is a reasonable probability that, but for counsel's errors, the defendant would not have

---

[2] *State v. Stokes*, 2020 WL 4516073 (Del. Super. Ct. Aug. 5, 2020).
[3] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] Del. Super. Ct. Crim. Rule 61(i)(3).
[6] *Green v. State*, 238 A.3d 160, 175 (Del. 2020).
[7] 466 U.S. 668 (1984).
[8] *Id.* at 687-88 (1984).

3

pleaded guilty and would have insisted on going to trial."[9]   Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[10] "If an attorney makes a strategic choice after thorough investigation of [the] law and facts relevant to plausible options, that decision is virtually unchallengeable."[11]

(5)   On appeal, Stokes reiterates his allegation that the State failed to disclose exculpatory evidence and argues that trial counsel was ineffective because he failed to investigate Stokes' case and make various arguments on Stokes' behalf. Stokes also raises two new claims of ineffective assistance of counsel: (i) trial counsel did not "properly" explain the sentencing guidelines to Stokes, and (ii) trial counsel coerced him into pleading guilty. His arguments are unavailing.

(6)   As a preliminary matter, because Stokes did not present his new claims of ineffective assistance of counsel to the Superior Court, we would not ordinarily entertain them on appeal.[12]   In any event, Stokes' claims are belied by the record, which supports the conclusion that Stokes knowingly, intelligently, and voluntarily pleaded guilty to PFBPP with a full understanding of the potential penalty that he

---

[9] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (internal quotation marks and citations omitted).
[10] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[11] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) (internal quotation marks and citations omitted).
[12] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

was facing and the rights that he was waiving by doing so. On the Truth-In-Sentencing Guilty Plea Form, Stokes indicated that (i) he understood that he faced a minimum-mandatory term of five years—and up to fifteen years—of Level V incarceration, (ii) he had freely and voluntarily decided to plead guilty, (iii) no one had threatened or forced him to plead guilty, and (iv) he was satisfied with his attorney's representation. Stokes also acknowledged that he was waiving various constitutional rights—including the right to hear and challenge the State's evidence against him—by pleading guilty. The Superior Court judge engaged in a colloquy with Stokes in open court and Stokes, under oath, affirmed that he understood the elements of the PFBPP charge and that he was, in fact, guilty of PFBPP. Absent clear and convincing evidence to the contrary, Stokes is bound by these representations.[13] Accordingly, we conclude that there is no merit to Stokes' claim that trial counsel coerced him into pleading guilty or his claim that trial counsel failed to inform Stokes of the applicable sentencing guidelines.

(7) Likewise, Stokes' knowing and voluntary guilty plea precludes his claim that the State withheld *Brady* information. A knowing and voluntary guilty plea waives a defendant's right to challenge "all errors or defects occurring before the plea, except a lack of subject matter jurisdiction, including any alleged *Brady*

---

[13] *Somerville*, 703 A.2d at 632.

5

violation."[14]  Thus, Stokes' claim that the State withheld exculpatory information from the defense prior to the entry of Stokes' guilty plea must also fail.

(8)    Turning to Stokes' claim that trial counsel was ineffective for failing to investigate his case and make various arguments on his behalf, the record refutes this claim.  First, it is clear that trial counsel carefully considered filing a motion to suppress.  The record includes a letter trial counsel sent to Stokes reviewing the information that the police relied upon to obtain a search warrant for Stokes' residence where the police found the contraband that led to Stokes' charges. Paragraph by paragraph, trial counsel examines contents of the warrant and explains why, in his professional opinion, a motion to suppress would not be successful.  For the first time on appeal, Stokes also makes a conclusory argument that trial counsel should have argued "double jeopardy of charges."  The Double Jeopardy Clause protects against, among other things, multiple punishments for the same offense.[15] Presumably, Stokes is referring to the three drug dealing charges brought against him.  But each count of drug dealing involved a different controlled substance and therefore constituted a separate offense.  In sum, Stokes cannot show that trial counsel's representation fell below an objective standard of reasonableness.  As a final matter, we note that at no point does Stokes touch upon the second prong of the

---

[14] *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019) (internal quotation marks and citations omitted).
[15] *Blake v. State*, 65 A.3d 557, 561 (Del. 2013).

6

ineffective assistance of counsel analysis—that is, Stokes does not allege that, but for counsel's alleged failures, he would have insisted on proceeding to trial. Accordingly, Stokes' claim that trial counsel was ineffective for failing to investigate and research Stokes' case fails.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice