IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK FRANKLIN, | § | |
| | § | No. 1, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0108020942 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 8, 2021
Decided: May 14, 2021

Before **VALIHURA**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm,[1] and the Superior Court record, it appears to the Court that:

(1)     The appellant, Mark Franklin, filed this appeal from the Superior Court's denial of his motion for sentence modification. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Franklin's opening brief that his appeal is without merit. We agree and affirm.

---

[1] On March 17, 2021, the appellant filed a motion for leave to respond to the State's motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless requested by the Court. The Court did not ask the appellant to respond to the motion to affirm and, after considering the appellant's motion, finds no reason to request a response.

(2)     In 2004, Franklin pleaded guilty to three counts of third-degree rape. Following a presentence investigation, the Superior Court sentenced Franklin to thirty years of Level V incarceration, suspended after fifteen years for Level III probation.  As part of his sentence, the Superior Court ordered Franklin to complete a sex offender treatment program and forbade him from having contact with minors. Between 2015 and 2017, Franklin was found in violation of the terms of his probation on four occasions.  His violations included, among other things, contact with minors.

(3)     On October 29, 2018, the Superior Court found Franklin in violation of the terms of his probation for a fifth time.  The Superior Court immediately sentenced Franklin to five years of Level V incarceration suspended after the successful completion of the Transitions Sex Offender Program ("Transitions") on one of the charges and imposed a suspended sentence on each of the other two charges.  Franklin did not appeal.

(4)     On October 2, 2019, Franklin filed a motion for correction of sentence under Superior Court Criminal Rule 35(a).  Franklin argued that his VOP sentence was illegal because it exceeded the sentencing recommendation set forth in the Superior Court Sentencing Benchbook and that he had received ineffective assistance of counsel at his violation of probation ("VOP") hearing.  The Superior

2

Court denied the motion, and we affirmed the Superior Court's judgment on appeal.[2]

On April 22, 2020, Franklin filed a second motion for correction of sentence. In support of his motion, Franklin argued that he had already satisfied the Level V portion of his VOP sentence because he had, during previous terms of incarceration, completed numerous sex offender treatment programs. The Superior Court denied the motion, and Franklin did not appeal.

(5) On December 15, 2020, Franklin filed a motion for sentence modification under Superior Court Criminal Rule 35(b) ("Rule 35(b)"). Franklin asked the Superior Court to recognize his prior completion of the Family Problems Program as satisfying the requirement of his VOP sentence that he successfully complete Transitions and to modify his sentence to a term of unconditional Level V incarceration followed by decreasing levels of supervision. In support of his motion, Franklin noted that his ability to participate in Transitions had been hampered by COVID-19-related restrictions on group activities. On December 21, 2020, the Superior Court denied the motion. This appeal followed.

(6) We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion, a highly deferential standard.[3] Rule 35(b) provides that a motion for sentence modification filed after ninety days will only be considered in

[2] *Franklin v. State*, 2020 WL 864880 (Del. Feb. 20, 2020).
[3] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

"extraordinary circumstances" or under 11 *Del. C.* § 4217.[4] "In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of imposition of a sentence."[5]

(7)     Franklin raises two arguments on appeal: (i) the Superior Court abused its discretion by ignoring the fact that he completed Transitions in 2016 during a previous term of incarceration; and (ii) the Superior Court abused its discretion by failing to acknowledge the "double jeopardy issues" raised by his VOP sentence.

(8)     As a preliminary matter, because Franklin did not raise his double jeopardy claim below, we ordinarily will not entertain it on appeal.[6] In any event, Franklin's claim is unavailing. The Double Jeopardy Clause protects a defendant from: (i) a second prosecution for the same offense after acquittal; (ii) a second prosecution for the same offense after conviction; and (iii) receiving multiple punishments for the same offense.[7] These protections are not implicated here.

(9)     Second, Franklin does not allege that extraordinary circumstances exist that would excuse his untimely motion to modify. Rather, Franklin argues—as he

---

[4] Del. Super. Ct. Crim. R. 35(b).

[5] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (citation omitted).

[6] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

[7] *Blake v. State*, 65 A.3d 557, 561 (Del. 2013).

did below—that he should be excused from completing Transitions because he has previously completed various sex offender treatment programs. This Court has held that extraordinary circumstances are circumstances that "specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis."[8] Such circumstances are not present here. Accordingly, we affirm the Superior Court's judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion for leave to respond to the motion to affirm is DENIED. The motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[8] *Culp*, 152 A.2d at 145 (internal quotation marks and citation omitted).