IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF ROBERT ALLEY | § | No. 384, 2023 |
| FOR A WRIT OF MANDAMUS | § | |
| | § | |

Submitted: November 28, 2023
Decided: February 1, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the petition for a writ of mandamus and the State of Delaware's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Robert Alley, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to modify or reduce the bail set in Alley's criminal cases. The State, as the real party in interest, has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2)     Between September 2022 and January 2023, Alley was arrested and charged with multiple misdemeanors in five separate but related cases. The Court of Common Pleas imposed bail in various amounts in all five cases. Alley posted bail in three of the cases. In August 2023, the State entered a *nolle prosequi* in the Court of Common Pleas in each case and indicted Alley in the Superior Court for

the same charges, together with pending felony charges. The Court of Common Pleas thereafter returned the money that Alley had posted to the appropriate bail-bond entity. At Alley's September 19, 2023 arraignment in the Superior Court, the court set Alley's bail at an aggregate $12,000 cash for the five sets of charges that were transferred from the Court of Common Pleas. In his petition for a writ of mandamus, Alley invokes the Double Jeopardy Clause and argues that the Superior Court could not impose bail on charges for which the Court of Common Pleas had previously set bail. Alley is mistaken.

(3)     A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(4)     There is no basis for the issuance of a writ of mandamus in this case. First, the petition is moot because Alley resolved the charges against him by pleading guilty to one count of an act of intimidation and two counts of noncompliance with

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *Id.*

2

bond on December 20, 2023.[3]  Second, the Double Jeopardy Clause—which "forbids successive prosecution and cumulative punishment for a greater and lesser included offense"[4]—is not applicable here.  And, as the State notes, although both the Court of Common Pleas and the Superior Court set bail on the same charges, only one court's bail was "active" at any given time.  Finally, Alley cannot show that he has a clear right to the performance of a duty:  the Superior Court has the discretion to set bail and modify bail conditions.[5]

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss be GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *See Burroughs v. State*, 304 A.3d 530, 539 (Del. 2023).

[4] *Blake v. State*, 65 A.3d 557, 561 (Del. 2013) (citation omitted).

[5] *Boo'ze v. State*, 2004 WL 691903, at *5 (Del. Mar. 25, 2004); 11 *Del. C.* § 2104(e)(1).