**Dana Lloyd OWENS a/k/a Dana M. Lloyd, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: June 14, 1982.

Decided: July 15, 1982.

---

Raymond J. Otlowski (argued), Asst. Public Defender, Wilmington, for defendant below, appellant.

Cynthia R. Christfield (argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., McNEILLY and MOORE, JJ.

PER CURIAM:

In this appeal, the defendant seeks reversal of a Superior Court order denying her motion to dismiss an indictment for Robbery in the First Degree.

The indictment reads:

"ROBBERY FIRST DEGREE in violation of Title 11, § 832 of the Delaware Code of 1974, as amended.

---

\* 11 *Del.C.* § 271 provides in pertinent part:
"§ 271. Liability for the conduct of another—Generally.
"A person is guilty of an offense committed by another person when:

      \*    \*    \*

"(2) Intending to promote or facilitate the commission of the offense he:

"DANA M. OWENS aka DANA M. LLOYD, on or about the 25th day of August, 1980, in the County of New Castle, State of Delaware, when in the course of committing the theft of various items of clothing from Casual Male and Female, did use force upon Christine L. Arnold, an employee of the said Casual Male and Female, with the intent to overcome her resistance to the taking of said property and when in the course of the commission of the crime, did cause physical injury to the said Christine L. Arnold, who was not a participant in the crime, to wit: did punch and scratch the said Christine L. Arnold causing her to sustain scratches and contusions, her culpability being predicated upon 11 *Del.C.* § 271."

The defendant contends that the indictment is defective and insufficient in that it fails "to set out or mention the principle (sic) person involved in the Robbery."

▪ This Court has held that an indictment is sufficient if it is drawn with such particularity as to permit the defendant reasonably (1) to know the charge, and (2) to prepare a defense. *Gray v. State*, Del. Supr., 441 A.2d 209 (1981); *Pepe v. State*, Del.Supr., 171 A.2d 216 (1961).

▪ In the present case, the defendant was informed by the indictment that her liability for the robbery was predicated upon accomplice liability under 11 *Del.C.* § 271.\* She was informed of the date, place, and victim of the robbery. There is no requirement that, absent a showing of prejudice such as surprise or other cause of inability to prepare for trial, the principal who committed the robbery be alleged by name in the indictment. *State v. Davis*, Conn.Supr., 141 Conn. 319, 106 A.2d 159 (1954). See also *Commentary on Delaware Criminal Code* 46 (1973). The defendant has shown no prejudice here.

      \*    \*    \*

"b. Aids, counsels or agrees or attempts to aid the other person in planning or committing it;"

      \*    \*    \*

The defendant's contention that the rule of *Johnson v. State*, Del.Supr., 409 A.2d 1043 (1979), has been violated by the indictment is without merit. In *Johnson*, a conspiracy indictment alleged that the requisite overt act was committed by the defendant. Since the defendant was acquitted of committing the overt act, the Court held that he could not be convicted of conspiracy. See *Stewart v. State*, Del.Supr., 437 A.2d 153 (1981). That infirmity is not present in the conspiracy indictment in the present case, that indictment providing:

"CONSPIRACY SECOND DEGREE in violation of Title 11, § 512 of the Delaware Code of 1974, as amended.

"DANA M. OWENS aka DANA M. LLOYD, on or about the 25th day of August, 1980, in the County of New Castle, State of Delaware, when intending to promote the commission of a felony, did agree with Judy Dollard that they would engage in conduct constituting the felony of Robbery First Degree and did commit an overt act in furtherance of said conspiracy, to wit: Robbery First Degree, as set forth in Count I of the Indictment and incorporated herein by reference."

\*     \*     \*

Affirmed.