IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT ASBURY, | § | |
| | § | |
| Defendant Below, | § | No. 15, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1306006968 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 14, 2019
Decided: September 25, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) In September 2013, the appellant, Robert Asbury, was indicted for Attempted Rape First Degree, Rape First Degree, and Strangulation. On April 1, 2014, following a four-day trial, a jury found Asbury guilty of Attempted Rape First Degree and Strangulation, and not guilty of Rape First Degree. The Superior Court declared Asbury a habitual offender under 11 *Del. C.* § 4214(a) and sentenced him to life imprisonment for the attempted rape conviction. The court sentenced him to

six years' imprisonment, followed by two years of probation, for the strangulation conviction.

(2)    On direct appeal, Asbury's counsel argued that the Superior Court abused its discretion when it denied Asbury's motion for a mistrial after the victim stated, in response to a question during cross-examination concerning the timeline of their relationship, that Asbury had been in jail at a particular point in time.  This Court affirmed the judgment of the Superior Court.[1]

(3)    Asbury then filed a *pro se* motion for postconviction relief, in which he argued that his counsel provided ineffective assistance by failing to object to the allegedly defective indictment and to request a bill of particulars.  The Superior Court ordered the appointment of postconviction counsel.  After reviewing the record, postconviction counsel concluded that there were no meritorious grounds for relief and moved to withdraw under Superior Court Criminal Rule 61(e)(7).  Asbury submitted a response, in which he argued that his trial counsel was ineffective for (i) failing to object to the allegedly defective indictment or to request a bill of particulars; and (ii) failing to interview or call witnesses who would rebut the victim's testimony that she and the appellant were not in a romantic relationship.

(4)    After additional submissions—including an affidavit from trial counsel addressing the claim of failure to contact or subpoena witnesses and a supplemental

---

[1] *Asbury v. State*, 2015 WL 5968404 (Del. Oct. 13, 2015).

2

submission by Asbury in which he claimed that his postconviction counsel was subject to a conflict of interest because Asbury's trial counsel is now a Superior Court judge—the Superior Court denied Asbury's motion for postconviction relief. Asbury has appealed to this Court.

(5) On appeal, Asbury's counsel has filed a brief and motion to withdraw under Supreme Court Rule 26(c). Asbury's counsel asserts that, based upon a complete and careful review of the record, no arguably appealable issues exist. Counsel informed Asbury of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief and appendix.[2] Counsel also informed Asbury of his right to supplement counsel's brief by stating in writing any points he would like the Court to consider. Asbury has raised four points for the Court's consideration. The State has responded to the Rule 26(c) brief and to the issues raised by Asbury, and argues that the Superior Court's judgement should be affirmed.

(6) Our review in this appeal is twofold: (i) the Court must be satisfied that postconviction counsel has made a conscientious examination of the record and the

---

[2] Asbury asserts that he was not provided a complete trial transcript with postconviction counsel's motion and brief. While review of trial transcripts may be necessary to resolve the claims raised in some appeals, Asbury has not explained how the complete trial transcript is necessary to resolve any of the issues raised in this appeal from denial of postconviction relief. *See generally* DEL. SUPR. CT. R. 26(c)(i)-(ii) (providing that counsel filing a motion and brief under Rule 26(c) must also file an appendix containing "*[a]ppropriate* pages from the record, including the sentencing order and *appropriate* pages from the transcript" and that counsel must supply the client "with a copy of the motion, brief, and appendix" (emphasis added)).

law for arguable claims;[3] and (ii) the Court must conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(7) Asbury raises four issues on appeal: (i) trial counsel provided ineffective assistance when he failed to interview or subpoena certain witnesses; (ii) trial counsel provided ineffective assistance when he failed to object to a defective indictment or request a bill of particulars; (iii) postconviction counsel faced a conflict of interest because trial counsel is now a Superior Court judge; and (iv) postconviction counsel failed to perform a conscientious review of the record.

(8) Asbury's first two claims raise the question of ineffective assistance of trial counsel. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) defense counsel's performance fell below an objective standard of reasonableness; and (ii) there is a reasonable probability that but for the deficient performance the result of the proceeding would have been different.[5] The appellant must state and substantiate concrete allegations of actual

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *Penson*, 488 U.S. at 81.

[5] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

prejudice.[6]  The appellant must also overcome a strong presumption that counsel's performance was professionally reasonable.[7]

(9)    Asbury's claims of ineffective assistance of counsel are without merit. Asbury first contends that trial counsel was ineffective for failing to interview or subpoena certain witnesses that Asbury identified.  The affidavit submitted by trial counsel indicates that he does not recall Asbury identifying all of the individuals that Asbury now asserts should have been interviewed or called as witnesses.  The affidavit further states that the defense team interviewed several of the individuals that Asbury now identifies and that, in the exercise of his professional judgment, he would not have called those individuals, or any of the other individuals that Asbury identifies, because they were not present immediately before, during, or after the incident; their testimony would have been cumulative with evidence that the defense did present; they were family members whom the jury would have perceived as biased; or their proposed testimony would have opened the door to damaging evidence relating to Asbury's character, including his extensive criminal history.  In light of trial counsel's analysis, we conclude that Asbury has not shown that there is a reasonable probability that the result of the trial would have been different if counsel had interviewed or called the witnesses at issue, nor has he overcome the

---

[6] *Peters v. State*, 2015 WL1280628, at *2 (Del. Mar. 20, 2015) (*citing Younger v. State*, 580 A.2d 552, 556 (Del. 1990)).
[7] *Id.*; *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

presumptions that counsel's conduct was professionally reasonable and that it was consistent with "sound trial strategy."[8]

(10)    Asbury also argues that trial counsel was ineffective for failing to object to the indictment and for failing to request a bill of particulars.  Asbury claims that the indictment was impermissibly vague, and a bill of particulars was required, because he was accused of three sexual acts but the indictment did not specify which act corresponded with which of the two sexual assault charges.

(11)    These claims of ineffective assistance also are without merit.  Under Superior Court Criminal Rule 7, an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged" and "shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Count I of the indictment in this case states:

> ATTEMPTED RAPE FIRST DEGREE IN VIOLATION OF Title 11, Section 773 of the Delaware Code.
>
> ROBERT ASBURY, on or about the 9th day of June, 2013, in the County of New Castle, State of Delaware, did intentionally attempt to engage in sexual intercourse with [L.L.], without her consent, and the defendant caused physical injury and/or did intentionally attempt to engage in sexual intercourse with [L.L.], without her consent and it was facilitated by or occurred during the attempt or actual commission of assault in the third degree and/or terroristic threatening which under the circumstances as believed them to be constituted a substantial step in a

---

[8] *Strickland*, 466 U.S. at 689.

course of conduct planned to culminate in his commission of Rape First Degree, in violation of Title 11, Section 773 of the Delaware Code.

Count II of the indictment states:

> RAPE FIRST DEGREE in violation of Title 11, Section 773 of the Delaware Code.
>
> ROBERT ASBURY, on or about the 9th day of June, 2013, in the County of New Castle, State of Delaware, did intentionally engage in sexual intercourse with [L.L.] without her consent, and during the commission of the crime, the immediate flight flowing [sic] the commission of the crime, or an attempt to prevent the reporting of the crime, the defendant caused physical injury to [L.L.] and/or did intentionally engage in sexual intercourse with [L.L.], without her consent and it was facilitated by or occurred during the following misdemeanor, assault in the third degree.

(12)   Asbury claims that the indictment does not contain the "essential facts" constituting the offenses, and by leaving out such information, the State deprived him of the opportunity to prepare a defense. But the indictment spells out in plain language the crimes with which Asbury was charged, with the language nearly mirroring the statutory language. It also specifies the date of the alleged offenses, the identity of the victim, and the nature of the offenses—sexual intercourse without consent and attempted sexual intercourse without consent, along with the alleged aggravating factors for each charge. The indictment was therefore sufficiently specific to give Asbury notice of the charges against him.[9] Because the indictment

---

[9] *See Hearne v. State*, 2017 WL 6336910 (Del. Dec. 11, 2017) (holding, in a case involving allegations of various forms of unlawful sexual conduct, that an indictment containing eight identically worded charges was sufficiently specific, where it alleged that "between January 1,

7

was not defective, trial counsel was not ineffective for failing to object, nor was Asbury prejudiced by the failure to object.

(13) Citing *Luttrell v. State*,[10] Asbury also contends that trial counsel should have requested a bill of particulars to clarify which specific acts corresponded to each charge. In *Luttrell*, the defendant was indicted on two counts of Rape First Degree, one count of Attempted Rape First Degree, three counts of Unlawful Sexual Contact First Degree, one count of Attempted Unlawful Sexual Contact First Degree, two counts of Endangering the Welfare of a Child, and two counts of Indecent Exposure. All of the charges arose out of allegations that Luttrell sexually assaulted a child in various ways on two different dates. This Court held that the Superior Court erred by denying a requested bill of particulars because the indictment did not put Luttrell on notice of which alleged acts aligned with each count of the indictment or on which dates the acts were alleged to have occurred, particularly where there was conflicting testimony regarding the dates on which the alleged conduct occurred and the testimony did not align with the dates stated in the indictment. In contrast to *Luttrell*, the indictment in this case charged Asbury with a single count of three different offenses, rather than multiple counts of certain

---

2008 and February 1, 2012, in New Castle County, [the defendant], who was over age eighteen, intentionally engaged in sexual intercourse with [the victim], who had not yet reached her twelfth birthday); *Owens v. State*, 449 A.2d 200, 201 (Del. 1982) (holding that an indictment was not defective or insufficient where it stated the offense charged and informed the defendant of the date, place, and victim of the alleged crime).

[10] 97 A.3d 70 (Del. 2014).

offenses. Moreover, unlike in *Luttrell*, the charges against Asbury all arose from a single incident on a single date, rather than separate incidents on different dates. The indictment therefore sufficiently put him on notice of the charges against him, and Asbury has not has not shown how a bill of particulars would have helped him achieve a different result at trial. Thus, trial counsel was not ineffective for failing to request a bill of particulars.[11]

(14) Third, Asbury claims that his postconviction counsel did not zealously advocate on his behalf because of a conflict of interest. Before sentencing, Asbury's trial counsel became a judge on the Superior Court. As a result, Asbury asserts, his postconviction counsel, who practices in the Superior Court, fears that criticizing the representation provided by trial counsel will result in professional backlash. This claim is without merit. As an initial matter, a claim of ineffective assistance of postconviction counsel is not viable, because there is no constitutional right to counsel in a postconviction proceeding.[12] Moreover, a Delaware lawyer is ethically obligated to zealously advocate for her client, within the rules of the adversary system; to provide competent and diligent representation of her client; and to be candid with the courts.[13] Asbury's speculative argument provides no basis for the

---

[11] *See Brooks v. State*, 2018 WL 5980577, at *3 (Del. Nov. 13, 2018) (rejecting claim that trial counsel was ineffective for failing to request a bill of particulars).

[12] *Watson v. State*, 2009 WL 2006883, at *2 (Del. July 13, 2009) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)).

[13] DEL. LAWYERS' R. PROF. COND. Preamble; R. 1.1; R. 1.3; R. 3.3.

Court to conclude that postconviction counsel would violate her ethical obligations in order to avoid criticizing the representation provided by former defense counsel who is now a judge.

(15) Finally, Asbury claims that neither postconviction counsel nor the Superior Court has shown a meaningful review of the record. This argument is without merit. The motion to withdraw and accompanying materials comport with the requirements of Rule 26(c), and there is no merit to Asbury's assertion that counsel's and the Superior Court's citations to a previous decision in this case, rather than to the record, indicate that they did not review the record. In any event, this Court has carefully reviewed the record and concluded that Asbury's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Asbury could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

10