# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | No. 1912024006 |
| | ) | |
| LARRY KING, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**Submitted- February 15, 2021**
**Decided- March 29, 2021**

**Upon Defendant's Motion for Bill of Particulars- Denied**

A grand jury indicted the defendant on charges of rape, unlawful sexual contact, continuous sexual abuse of a child, and assault after the defendant allegedly abused his girlfriend's minor child. During discovery, the State provided the defendant with copies of the police reports and the victim's statements collected during the police investigation. The defendant also was present at a preliminary hearing during which the court heard testimony from the police officer who interviewed the victim and oversaw the DNA testing that developed the defendant as a suspect in the case. The defendant now seeks a bill of particulars, arguing the indictment does not provide him adequate notice of the crimes for which he is charged. Because the indictment and discovery provide the defendant with more than enough information to prepare a defense, and the dates of the alleged offenses are not essential to conviction, the defendant's motion is denied.

1

## FACTUAL & PROCEDRUAL BACKGROUND

1.      On July 26, 2009, the New Castle City Police Department received a report from six-year-old B.S.[1] that her mother's boyfriend, Defendant Larry King, Jr. ("Defendant"), had touched her vaginal area. The victim's mother took her to the hospital, where the victim underwent a Sexual Assault Nurse Examination ("SANE").[2] A Forensic Nurse Examiner ("FNE") collected swab samples from the victim's vagina, mouth, and rectum and found a foreign black hair in her vaginal area.[3] During an interview at the Children's Advocacy Center, however, the victim did not disclose abuse, and the State did not pursue a prosecution at that time. In October 2017, however, investigators sent the victim's 2009 SANE kit for forensic analysis.[4] The swab of the victim's rectum produced a profile associated with male DNA.[5] On December 4, 2019, the Division of Forensic Science ("DFS") confirmed Defendant's DNA matched the DNA sample swabbed from the victim's rectum.[6] On December 7, 2019, New Castle City Police Captain Tina Shughart interviewed the victim. The victim discussed in detail the July 26, 2009 sexual assault along with two other instances during which Defendant allegedly sexually assaulted the victim.[7]

---

[1] The victim's full name has been omitted for privacy.
[2] State's Resp. at 1.
[3] *Id.*
[4] *Id.* at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.*

2

2. Police then arrested Defendant.[8] On January 21, 2020, a New Castle County grand jury indicted Defendant for two counts of Rape First Degree, one count of Attempted Rape First Degree, one count of Rape Second Degree, two counts of Unlawful Sexual Contact First Degree, one count of Continuous Sexual Abuse of a Child, and one count of Assault Third Degree.[9]

3. During the course of discovery, the State provided Defendant copies of the initial police report and all supplemental police reports, as well as a recording of the victim's December 7, 2019 interview. In a supplemental police report dated December 30, 2019, Captain Shughart gave a detailed summary of the victim's December 7, 2019 interview. The report described the events of the July 2009 sexual assault, where the victim alleged Defendant attempted to force the victim to perform oral sex on him, digitally penetrated her vagina, and raped her anally. The report also recounted the two other instances of abuse the victim disclosed in her interview. In the first incident, the victim alleged that while she was wearing pull-ups, Defendant put his hand down her pull-ups and touched her vagina. The second incident occurred while she was feeling ill after receiving a flu shot. The victim alleged Defendant attempted to penetrate her vagina with the tip of his penis. In the police report, the victim stated the first incident with the pull-up occurred sometime

---

[8] *Id.* at 3.
[9] *Id.*

when she was four years old, and the second incident occurred when she was either five or six years old.

4. Count I of the indictment charges Defendant with Unlawful Sexual Contact First Degree, and alleges, "between the 1st day of September, 2007 and the 31st day of December 2007 . . . [Defendant] did intentionally have sexual contact with B.S., who was less than 13 years of age or caused the victim to have sexual contact with the defendant or a third person."[10] Count III of the indictment also charges Defendant with Unlawful Sexual Contact First Degree and alleges, "on or between the 1st day of January, 2008 and the 31st day of January, 2008 . . . did intentionally have sexual contact with B.S., who was less than 13 years of age and caused the victim to have sexual contact with the defendant or a third person."[11] Count VIII of the indictment charges Defendant with Continuous Sexual Abuse of a Child and alleges that Defendant:

> [B]etween the 1st day of September, 2007 and the 25th day of July, 2009, a period of time not less than three months in duration . . . while residing in the same home with the minor child or having recurring access to the child, did intentionally engage in three or more acts of sexual conduct with B.S., a child under the age of 18 years of age.[12]

On October 6, 2020, Defendant filed this Motion for Bill of Particulars, seeking the specific dates on which the incidents that form the basis for Counts I, III, and VIII

---

[10] Def.'s Mot. at 1.
[11] *Id.* at 1-2.
[12] *Id.* at 2.

occurred, along with the specific nature of the sexual contact alleged in Counts I and III. On November 13, 2020, the State filed its response opposing the motion.

**PARTIES' CONTENTIONS**

5. Defendant argues Counts I, III, and VIII of the indictment fail to delineate clearly the specific acts Defendant allegedly committed and when they purportedly occurred.[13] Although police reports and the victim's statements have been provided through discovery, Defendant contends these reports only provide general summaries of the alleged incidents.[14] Without details about the specific alleged conduct and dates of the alleged abuse, Defendant asserts he cannot adequately defend against the offenses for which he is charged.[15] Accordingly, Defendant argues he is entitled to a bill of particulars as to Counts I, III, and VIII.

6. The State argues Defendant's motion should be denied because (i) the dates are not essential elements of the alleged offenses and therefore are immaterial;[16] (ii) the indictment clearly sets forth three specific instances of sexual abuse and contains sufficiently specific facts to put Defendant on notice of the accusations against him;[17] and (iii) the discovery the State provided to Defendant fully explains the State's evidence against him that could be presented at trial.[18]

---

[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] State's Resp. at 4.
[17] *Id.* at 6.
[18] *Id.*

Accordingly, the State argues the indictment, along with the information obtained through discovery, provided sufficient information to avoid unfair surprise at trial, and a bill of particulars therefore is unnecessary.

**DISCUSSION**

7. An indictment serves two purposes: (i) to put the defendant on notice of what he is being called to defend; and (ii) to shield against subsequent prosecution for the same offense.[19] "An indictment is deemed sufficient if it is drawn with sufficient particularity as to permit the defendant to reasonably know the elements or essential facts of the charges against him, and so that he may have reasonable opportunity to prepare a defense."[20] A bill of particulars serves to fill any gap between the facts disclosed in the indictment and the facts that would give the defendant an opportunity to prepare a defense.[21] The pleading is meant to protect the defendant against unfair surprise at trial and to clarify the allegations, but it is not a tool to compel the State to disclose its theory of the case. Accordingly, the Court is allowed broad discretion when weighing the defendant's interest in seeking additional information against the State's interest in protecting witnesses and not

[19] *Malloy v. State*, 452 A.2d 1088, 1092 (Del. Super. 1983).
[20] *State v. Gardner*, 1993 WL 393039, at *1 (Del. Super. Aug. 24, 1993) (citing *Owens v. State*, 449 A.2d 200 (1982)).
[21] *State v. Banther*, 1998 WL 283476, at *1 (Del. Super. Apr. 2, 1998) (citing *Lovett v. State*, 516 A.2d 455, 467 (Del. Super. 1986)).

6

committing itself to a particular version of the facts before it is in a position to do so.[22]

## A. The State sufficiently has disclosed the specific conduct on which the indictment is based.

8.     Defendant is not entitled to a bill of particulars in this case because the State has provided testimony and reports sufficient to put Defendant on notice of the accusations against him. Generally, a defendant is not entitled to a bill of particulars for information of which he already is aware or that readily is accessible to him.[23] Where discovery or other information in the record reveal the factual element of the charges, a bill of particulars may not be necessary.[24] In *State v. Goldsborough*,[25] a defendant charged with rape and unlawful sexual contact argued a bill of particulars voluntarily provided by the State was insufficient.[26] At the preliminary hearing, the investigating police officer set forth the basis for each of the seven charges and testified about the day the victim's parents reported the incidents.[27] The officer also disclosed the time period of the alleged incidents and the conduct involved.[28] The court found the officer's testimony adequately provided the defendant with the

---

[22] *State v. Block*, 2000 WL 706794, at *1 (Del. Super. Feb. 11, 2000) (citing *State v. Banther*, 1998 WL 283476, at *1 (Del. Super. Apr. 2, 1998)).
[23] *State v. Goldsborough*, 2000 WL 706790, at *3 (Del. Super. Feb. 10, 2000).
[24] *State v, Ginegaw*, 2011 WL 880869, at *1 n.1 (Del. Super. Mar. 2, 2011).
[25] 2000 WL 706790 (Del. Super. Feb. 10, 2000).
[26] *Goldsborough*, 2000 WL 706790, at *1.
[27] *Id.* at *2.
[28] *Id.*

7

information he could obtain from a bill of particulars. The defendant's motion therefore was denied.[29]

9.     In the present case, Defendant and his counsel attended a preliminary hearing on December 20, 2019 during which Captain Shughart recounted the specific allegations the victim made against Defendant. Captain Shughart testified that the victim alleged Defendant attempted to force the victim to perform oral sex on him, raped her anally, and digitally penetrated her vagina on an evening in 2009.[30] Captain Shughart also explained the DNA evidence collected as part of the SANE kit, which matched Defendant's DNA. Further, during discovery, the State provided the audio file from the victim's interview and the police report summarizing the interview. The report and the interview delineate three distinct alleged instances of abuse and the specific conduct in which Defendant allegedly engaged on each occasion.[31] Taken together with the indictment, these materials are sufficient to put Defendant on notice of the charges against him and allow him to prepare a defense.

10.     This case differs from cases where Delaware courts have concluded a bill of particulars was necessary to inform the defendant of the charges. In *Luttrell v. State*,[32] the defendant was charged with multiple counts of the same general

---

[29] *Id.* at *3.
[30] Prelim. Hr'g Tr., D.I. 5, at 6.
[31] Indictment, D.I. 2.
[32] 97 A.3d 70 (Del. Super. 2014).

8

offenses.[33] The indictment did not contain any facts differentiating each count of the offenses, and the counts were identically worded, aside from the timeframes during which the offenses allegedly occurred.[34] Further, there were inconsistencies between the indictment and the victim's statement obtained by the Child Advocacy Center.[35] The victim's testimony also was contradicted by his grandmother, and the victim alleged more acts than were charged by the State.[36] The Delaware Supreme Court held that, given the inconsistencies in the testimony and the identically worded offenses in the indictment, the indictment and underlying materials did not provide sufficient information for the defendant to understand the charges for which he was being prosecuted, and a bill of particulars therefore was warranted.[37]

11. In the present case, Defendant has not alleged any inconsistencies in the victim's statement that would raise the concerns of confusion that were expressed in *Luttrell*. Rather, the victim's statement, the police reports, and Captain Shughart's testimony consistently describe three separate instances of sexual abuse that Defendant allegedly committed and that form the basis of the charges. Although Counts I and III of the indictment are worded identically, the victim's statement and the police reports provide sufficient detail for Defendant to distinguish what separate

---

[33] *Luttrell v. State*, 97 A.3d 70, 73 (Del. Super. 2014).
[34] *Id.*
[35] *Id.* at 74.
[36] *Id.* at 77.
[37] *Id.* at 77-78.

9

conduct formed the basis for Counts I and III. The indictment does not raise the same concerns about inconsistency and confusion that were expressed in *Luttrell*. Rather, the underlying materials provide Defendant with notice of the charges against him.

**B. The State is not required to provide specific dates on which the alleged conduct occurred.**

12. Although the indictment does not allege a specific date on which the alleged abuse occurred, it nonetheless sufficiently is informative because the date is not an essential element to any of the crimes charged in this case. Alleging that an offense occurred during a given time span generally is considered sufficient as long as the date is not an essential element of the offense and the time period alleged in the indictment is within the statute of limitations.[38] In *State v. Gardner*,[39] the defendant was indicted for several sexual offenses against a child.[40] Each offense was alleged to have taken place between February 19, 1991 and September 1, 1992.[41] The defendant moved for a bill of particulars seeking the events, dates, facts, and circumstances surrounding each allegation.[42] The court found that the indictment sufficiently was informative, even though it only gave a general time span for each alleged incident, because the specific dates were not an essential element of the

---

[38] *Goldsborough*, 2000 WL 706790, at *3.
[39] 1993 WL 393039 (Del. Super. Aug. 24, 1993).
[40] *Id.* at *1.
[41] *Id.*
[42] *Id.*

10

crimes charged.[43] The court reasoned that, because the statutes cited in the indictment did not require an exact date and time, dates did not need to be included for the indictment to be valid.[44] Further, the defendant was not prejudiced or impeded by not knowing the specific dates when the sexual assaults allegedly occurred.[45] The court also reasoned that child victims in sexual assault cases cannot reasonably be called upon to remember precise dates.[46] Accordingly, the court held a bill of particulars was not warranted.[47]

13. As in *Gardner*, Defendant in this case seeks disclosure of the specific dates on which the alleged incidents of sexual abuse occurred. A specific date or time, however, is not an essential element of the offenses with which Defendant has been charged. The indictment provides a general and relatively limited time period within which each offense allegedly occurred. As illustrated by *Gardner*, this is enough to put Defendant on notice of the crimes for which he is being accused. Further, the victim in this case was a minor at the time of the alleged abuse and cannot be expected to remember the precise dates of these incidents. A bill of particulars is not warranted in this case, and its absence does not prejudice Defendant's ability to prepare a defense.

---

[43] *Id.* at *2.
[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] *Id.*

11

## CONCLUSION

For the reasons stated above, Defendant's Motion for Bill of Particulars is

**DENIED.  IT IS SO ORDERED.**


_____

Abigail M. LeGrow, Judge